Ramiro GARZA and J & R Valley
Oilfield Services, Inc.,
Petitioners,

v.

Ines Gonzalez GARCIA, Respondent.

No. 02–0300.

Supreme Court of Texas.

Argued Jan. 22, 2003.

Decided May 14, 2004.

Jacqueline M. Stroh, Sharon E. Calla-way, Crofts & Callaway, P.C., Henry B. Gonzalez, Ronald E. Mendoza, Davis Cedillo & Mandoza, San Antonio, for petitioners.

Joe Richard Flores, Law Office of Joe Richard Flores, P.C., Edinburg, Richard V. Secord, Virgil W. Yanta, Yanta & Mata, San Antonio, for respondent.

Justice BRISTER delivered the opinion of the Court, in which Justice HECHT, Justice OWEN, Justice O'NEILL, Justice SCHNEIDER and Justice SMITH joined.

The Legislature amended the venue statutes in 1995 to allow a trial court to transfer venue "[f]or the convenience of the parties and witnesses and in the interest of justice."[1] At the same time, the Legislature mandated that a trial court's order granting or denying such a transfer for convenience is "not grounds for appeal or mandamus and is not reversible error."[2]

In this case, a defendant filed a motion asserting both improper venue and inconvenience, which the trial court granted without specifying the grounds. Generally, we must affirm such general orders if any ground in the accompanying motion is meritorious.[3] Because the motion here asserted convenience as one ground, and the statute precludes reversal of any ruling made on convenience grounds, we hold the court of appeals erred in considering and reversing the trial court's venue order.

**I**

■ As an initial matter, we must decide whether a motion for new trial ex-tends appellate timetables if the requisite filing fee is never paid. Garcia timely filed a motion for new trial,[4] but never paid the fee.[5] She filed her notice of appeal eighty-four days after judgment—timely if her motion extended the deadlines, but too late if it did not.[6] The defendants argue the fee-less motion was ineffective to extend appellate deadlines, making Garcia's notice of appeal untimely, and depriving the court of appeals of jurisdiction over her appeal.[7] We disagree.

A motion for new trial is "conditionally filed" if tendered without the requisite fee, and appellate deadlines run from and are extended by that date:

> [A] motion for new trial tendered without the necessary filing fee is nonetheless *conditionally filed* when it is presented to the clerk, and that date controls for purposes of the appellate timetable.... [T]he failure to pay the fee before the motion is overruled by operation of law may forfeit altogether the movant's opportunity to have the trial court consider the motion; it does not, however, retroactively invalidate

1. Act of May 18, 1995, 74th Leg., R.S., ch. 138, § 1, 1995 Tex. Gen. Laws 978, 979 (currently codified at Tex. Civ. Prac. & Rem.Code § 15.002(b)).

2. *Id.* (currently codified at Tex. Civ. Prac. & Rem.Code § 15.002(c)).

3. *Dow Chem. Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001) (motion for summary judgment); *K–Mart Corp. v. Honeycutt,* 24 S.W.3d 357, 360 (Tex.2000) (motion to exclude expert); *IKB Indus. (Nigeria) Ltd. v. Pro–Line Corp.,* 938 S.W.2d 440, 445 (Tex.1997) (findings of fact and conclusions of law); see also *M.D. Anderson Cancer Ctr. v. Novak,* 52 S.W.3d 704, 706 (Tex.2001) (plea to the jurisdiction).

4. The trial court signed the judgment on August 10, 2000. Because the due date fell on a Saturday, her motion was due the following Monday. Tex.R.App. P. 4.1(a).

5. Tex. Gov't Code § 51.317(b)(2) (requiring district clerk to collect $15 filing fee for motion for new trial).

6. Tex.R.App. P. 26.1(a)(1) (providing notice of appeal must be filed within thirty days of judgment, or ninety days if any party timely files a motion for new trial).

7. See *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997) ("[O]nce the period for granting a motion for extension of time under Rule 41(a)(2) has passed, a party can no longer invoke the appellate court's jurisdiction.").

the conditional filing for purposes of the appellate timetable.[8]

■ Although we have previously reserved ruling on a fee that was never paid,[9] we now extend the same rule to this situation for the same reasons. We construe the Rules of Appellate Procedure liberally, so that decisions turn on substance rather than procedural technicality;[10] nothing in those rules requires a fee to accompany a motion for new trial, or that such a fee be paid at all. Moreover, once a motion for new trial is conditionally filed and timetables extended, all litigants benefit from knowing what timetables apply even if they do not know whether the requisite fee was paid. The alternative would breed uncertainty, as the deadlines might automatically jump forward when the fee is quietly paid or revert backwards if it is not.

■ This is not to say filing fees are irrelevant. We have held that "absent emergency or other rare circumstances" a motion for new trial should not be considered until the filing fee is paid.[11] Here, Garcia's factual sufficiency complaint had to be raised in a motion for new trial,[12] but because she never paid the $15 fee, the trial court was not required to review it. As her complaint was never properly made to the trial court, it preserved nothing for review;[13] thus, the court of appeals correctly never addressed her factual sufficiency complaint, but correctly considered her venue complaint.

## II

■ The record reflects that petitioner Ines Gonzalez Garcia (a resident of Hidalgo County) brought suit against J & R Valley Oilfield Services, Inc. (a business in Hidalgo County) and Ramiro Garza (a resident of either Hidalgo or Starr County) concerning an auto accident occurring in Hidalgo County. Of sixteen potential lay and expert witnesses designated by the parties, fourteen were residents of Hidalgo County, and two of Mexico. None resided in Starr County. Nevertheless, suit was brought in Starr County, based on evidence that Garza lived there.

J & R's motion to transfer venue (which Garza joined) argued that Starr County was not a county of proper venue, and added "[a]lternatively, your Defendant would show that venue should be transferred to Hidalgo County for the convenience of the parties." The trial court's order stated that "after considering the motion, the pleadings, the affidavits, the responses as well as arguments of counsel and after a hearing, the Court grants Defendants' Motion to Transfer Venue."

At the trial in Hidalgo County, the jury awarded Garcia $120,000. Unsatisfied, she appealed seeking automatic reversal and a new trial based on the venue transfer.[14]

The court of appeals reversed, refusing to presume a venue order was granted on convenience grounds unless the order spe-

---

8. *Tate v. E.I. DuPont de Nemours & Co.,* 934 S.W.2d 83, 83–84 (Tex.1996) (per curiam) (emphasis in original) (holding deadlines extended by fee paid after motion was overruled but before plenary jurisdiction expired, and quoting in part *Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1993) (per curiam) (holding deadlines extended by fee paid before motion overruled)).

9. *Tate,* 934 S.W.2d at 84 n. 1.

10. *Motor Vehicle Bd. of Tex. Dep't of Transp. v. El Paso Indep. Auto. Dealers Ass'n, Inc.,* 1 S.W.3d 108, 111 (Tex.1999) (per curiam).

11. *Jamar,* 868 S.W.2d at 319 n. 3.

12. Tex.R. Civ. P. 324(b)(2); Tex.R.App. P. 33.1(a).

13. Tex. R. App. P. 33.1(a),(b).

14. Tex. Civ. Prac. & Rem.Code § 15.064(b).

cifically said so.[15] In addition to reversing the traditional presumption applicable to all other orders, this rule would sometimes do just what the Legislature prohibited. Because the transfer order here includes no reasons, we cannot be certain on which of the two grounds it was granted; one ground was convenience, and the evidence showed most of the witnesses and all of the events took place in Hidalgo County. As the Starr County judge certainly might have intended to grant it on convenience grounds, we cannot ignore the Legislature's ban on reviewing such orders by adopting a new presumption so we can review them anyway.

The court of appeals refused to imply a finding on convenience grounds because the statutory prohibition on appellate review precluded reviewing the record for evidence that might support such an implied finding.[16] But the statute precludes review not just of the evidence, but of the order itself. As a result, it is irrelevant whether a transfer for convenience is supported by *any* record evidence. Hypothetically, a trial judge could state there was no evidence for a convenience transfer, but grant it nonetheless, and (except for perhaps reporting it to the Judicial Conduct Commission) there is very little we could do about it.

We acknowledge the court of appeals' concern that the usual presumption in favor of nonspecific orders will make many venue orders "immune from review."[17] But in transfer orders based on convenience, that appears to have been precisely the Legislature's intent. And even under the court of appeals' bright-line test, trial judges who are so inclined may make any venue order immune from review simply by adding "granted on convenience grounds."

Nor do we believe the potential for error or injustice here justifies making an exception to the general rule that trial judges and lawyers need not detail specific findings in every order.[18] When a defendant files a motion based on both convenience and another venue ground, a trial judge may grant the motion on the former ground and we cannot review it. Or the judge may deny both, in which case we may review only the latter. The court of appeals was concerned a trial judge might intend to deny a motion based on convenience while granting (erroneously) the motion on an alternative ground. But most venue provisions are based on notions of convenience. As the county where the parties reside or the events occurred will often be the most convenient, we decline to change our usual presumption rules to presume the opposite.

Our dissenting colleagues conclude the trial court could not possibly have granted this transfer on convenience grounds, but do so only after looking beyond the motion and order to the supporting evidence and the attorneys' arguments — exactly the kind of appellate review the statute precludes. They would remand to Hidalgo County, where the case could be transferred again (using the magic words "for convenience" this time), tried again in Starr County, and appealed again. This is exactly the kind of piecemeal review and relitigation our usual presumption is intended to avoid.

Our dissenting colleagues argue our strict construction presumes the Legisla-

---

**15.** 70 S.W.3d 362, 367.

**16.** *Id.;* see Tex. Civ. Prac. & Rem.Code § 15.064(a).

**17.** 70 S.W.3d at 367–68.

**18.** See Tex.R. Civ. P. 299.

ture was either naive or cynical,[19] but they appear willing to presume most trial judges who sign a venue order without specifying the grounds are ignorant of what they are signing or playing keep-away with appellate courts. They assert we have "swallowed" the defendants' arguments based on the literal words of this statute;[20] but in a government of separate and limited powers, it is not our role to spit out those parts of a statute we find unpalatable. Nor can we make an exception "just this once" (as our colleagues suggest) because our venue rules are peculiar and of "critical importance;"[21] undoubtedly, some might say the same about our rules for voir dire, the jury shuffle, or "the Rule." If we begin adding our own requirements to statutes, it becomes only a matter of personal preference as to where we should stop.

Finally, we do not believe the movant's convenience motion must be more specific than the one here, at least when it is part of a motion asserting other venue grounds and there is no special exception. For example, under the general venue rule in section 15.002(a), the movant must plead venue facts (and support them with affidavits if necessary) that show no individual defendant resides in the forum county, no defendant business has its principal Texas office there, and a substantial part of the events did not occur there.[22] While a mov-

ant has every reason to add more facts in an effort to prevail, if those reasons alone are enough to convince the trial judge that the case would be more conveniently tried elsewhere, it would be mere formalism to reverse because they were not stated under two different headings.

While appellate justices may chafe at restrictions on appellate review, the Texas Constitution generally allows the Legislature to expand or limit such review as it sees fit.[23] Nor is the restriction here unreasonable under these circumstances. Debates in the Legislature indicate the transfer for convenience statute was intended "to make sure that venue is not a game any longer" by giving trial judges some power to ensure cases were tried where they sensibly belonged, but without adding reversible error or additional delays.[24] This case was tried four years ago, and has been on appeal ever since. The Legislature might reasonably have concluded that discretionary transfers would make litigation more convenient only if they did not have to be re-fought on appeal. Accordingly, we hold the court of appeals erred by reversing the venue order here.

## III

Because the court of appeals should have affirmed the trial court's transfer order on convenience grounds, we reverse

---

**19.** 137 S.W.3d 36.

**20.** *Id.* at 42.

**21.** *Id.* at 44.

**22.** See Tex. Civ. Prac. & Rem.Code § 15.002(a); Tex.R. Civ. P. 86(3), 87(3)(a).

**23.** Tex. *Const.* art. V, § 3(a) (providing jurisdiction of Supreme Court "shall extend to all cases except in criminal law matters and as otherwise provided in this Constitution or by law"); *id.* § 6(a) (providing courts of appeals

"have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law"); see *Collins v. Ison–Newsome*, 73 S.W.3d 178, 180 (Tex.2001) ("Our jurisdictional analysis begins with the basic principle that we *do not have jurisdiction in the absence of an express constitutional or legislative grant.*") (citing *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex.1996)).

**24.** Debate on S.B. 32 on the Floor of the House, 74th Leg., R.S. 4 (May 3, 1995) (testimony of Rep. Duncan) (transcript available at the Texas State Law Library).

the court of appeals' judgment. Because Garcia failed to preserve her remaining factual sufficiency point (by failing to ever pay the filing fee), we render judgment reinstating the trial court's judgment.

Chief Justice PHILLIPS filed a dissenting opinion, in which Justice WAINWRIGHT joined as to Parts I and II.

Justice WAINWRIGHT filed a dissenting opinion.

Justice JEFFERSON did not participate in the decision.

Chief Justice PHILLIPS, joined by Justice WAINWRIGHT as to Parts I and II, dissenting.

The Court holds today that when a motion to transfer venue on several grounds includes a phrase in a sentence alleging that such transfer will be for the convenience of the parties, and the trial court grants the motion without any indication that it considered or even knew a transfer on convenience grounds was alleged, the transfer is immune from review by any appellate court. Although this result can be supported by a literal reading of the venue statute, I believe it exalts form over substance to undermine the essential purpose of the Legislature's venue scheme. Therefore, I respectfully dissent.

I

Defendant J & R Valley Oilfield Services, Inc., joined by defendant Ramiro Garza, filed a motion to transfer venue in this personal injury suit from Starr to Hidalgo County. The motion objected to "venue in Starr County ... on the grounds that said county is not a proper county and no basis exists mandating or permitting venue in [Starr County]," because J & R is "not a resident of Starr County" and "does not have [its] principal office" or any agent in Starr County. J & R then asserted that "[v]enue is maintainable in Hidalgo County ... because all of the events giving rise to the claim occurred in Hidalgo County, Texas, [and] Hidalgo County is the county of [J & R's] residence...." At the end of the motion, J & R added this single sentence: "Alternatively ... venue should be transferred to Hidalgo County for the convenience of the parties."

In reply to J & R's motion to transfer venue, plaintiff Ines Gonzalez Garcia alleged several reasons why Garza was a resident of Starr County, where Garcia brought suit. First, he pointed to the report prepared by the state trooper following the accident that was the basis of this suit, which listed Garza's address as Rio Grande City. Second, Garza owned a home in Rio Grande City, where his wife and children resided, on which Garza paid taxes for the year the accident occurred. Finally, Garza gave the Rio Grande City address to a magistrate when he appeared in court on an unrelated Driving While Intoxicated charge. In support of these claims, Garcia attached Garza's deposition and a court document from Garza's DWI arraignment.

The trial court conducted two hearings at which both parties presented live testimony. Neither party, however, introduced any argument on, or even referenced the term "convenience of the parties." The trial court granted J & R's motion, stating in its order: "[A]fter considering the motion, the pleadings, the affidavits, the responses as well as arguments of counsel and after a hearing, the Court grants Defendant's Motion to Transfer Venue." The order gave no reasons for granting the transfer, and in particular never mentioned the term "convenience of the parties."

This case was then tried in Hidalgo County. The jury returned a verdict in favor of Garcia, awarding her $120,000 for past and future physical pain and mental anguish and for past medical care, but nothing for past and future physical impairment or disfigurement. The trial court rendered judgment on the verdict. Despite the generally favorable judgment, Garcia appealed, arguing that the trial court erred in transferring the case from Starr County to Hidalgo County.

The court of appeals reversed, holding that the evidence supported venue in Starr County, where Garcia brought suit. 70 S.W.3d 362. J & R and Garza argued that the court could not reverse the transfer because section 15.002(c) prohibits appellate review of transfers for convenience. *See* Tex. Civ. Prac. & Rem.Code § 15.002(c). The court of appeals refused to presume that the transfer was based on the convenience of the parties, noting that such a presumption would insulate most venue determinations from review. 70 S.W.3d at 367–68. Because venue exceptions and mandatory venue provisions have always been strictly construed, and because all venue determinations except for the transfer for convenience are subject to review, the court of appeals held:

> [I]n order to fall within the parameters of subsection (c), that is, in order to be exempt from appellate review, a venue order must expressly state that the cause is or is not transferred for the convenience of the parties under section 15.002(b), or the record must contain express findings of fact in accordance with section 15.002(b).

*Id.* at 368. The court then reviewed the transfer under the general venue provision and held that the trial court erred in granting the transfer. It therefore remanded the case for the trial court in Hidalgo County to transfer the case to Starr County for a new trial. *Id.* at 372.

## II

The principal venue statute in Texas is section 15.002 of the Texas Civil Practice and Remedies Code. Section 15.002(a) includes four subsections for determining in what county a suit is properly brought. Tex. Civ. Prac. & Rem.Code § 15.002(a). There is no immediate appeal from an adverse ruling, but if on appeal venue is determined to have been improper, "it shall in no event be harmless error and shall be reversible error." *Id.* § 15.064(b). Thus, the price of an improper venue ruling is always a new trial.

The Legislature, however, gives the trial court discretion to decide whether to transfer a case to another county for the convenience of the parties and in the interest of justice. *Id.* § 15.002(b). This discretion is broad, but not unfettered, because it can only be exercised when three conditions are met. As Section 15.002(b) states:

> For the convenience of the parties and witnesses and in the interest of justice, a court may transfer an action from a county of proper venue under this subchapter or Subchapter C to any other county of proper venue on motion of a defendant filed and served concurrently with or before the filing of the answer, where the court finds:
>
> (1) maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship;
>
> (2) the balance of interests of all the parties predominates in favor of the action being brought in the other county; and

(3) the transfer of the action would not work an injustice to any other party.

*Id.*

In contrast to the automatic reversal for an erroneous venue determination, however, a trial court's transfer under section 15.002(b) will not be reversed if it is wrong. In fact, it is not reviewable at all on appeal or by an extraordinary pleading. Section 15.002(c) commands: "A court's ruling or decision to grant or deny a transfer under Subsection (b) is not grounds for appeal or mandamus and is not reversible error." *Id.* § 15.002(c).

J & R and Garza contend that because their motion to transfer venue requested a transfer based on both sections 15.002(a) and 15.002(b), and the trial court's order stated only that the motion was granted, the appellate court must presume it to be a transfer for convenience that is immune from review. The court below considered and rejected this claim, but this Court swallows it without pause, pointing to our general practice in Texas that an order granting relief without specifying the grounds is presumed to have been based on all asserted grounds. 137 S.W.3d at 39. The Court states that it does not "believe the potential for error or injustice here justifies making an exception to the general rule that trial judges and lawyers need not detail specific findings in every order." *Id.* at 39.

Generally as a part of appellate review, we presume that a trial court's order, which does not specify grounds, is correct if any meritorious ground was before the court. See *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex.1993) (summary judgment). While this is a useful construct for preventing piecemeal review and relitigation, it has the opposite effect in this case. Because section 15.002(c) precludes appellate review of convenience transfers, applying the general rule here does not facilitate appellate review, it abrogates it. The reason for the presumption is stood on its head, which ought to make us question whether the Legislature meant for it to apply. Instead, I believe the accepted rules of statutory construction suggest that the Legislature did not.

Our first duty is to interpret a statute in a way that carries out the Legislature's intent. Tex. Gov't Code § 312.005; *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002); *Am. Home Prods. Corp. v. Clark*, 38 S.W.3d 92, 95 (Tex.2000). When interpreting a statute we may consider the object sought to be attained, the circumstances under which the statute was enacted, the consequences of different constructions, and the statute's legislative history. Tex. Gov't Code § 311.023. In requiring a judge to "find" each of the three statutory conditions before granting a convenience transfer, I believe the Legislature directed the trial court to communicate in some fashion that three findings had been made so that the parties would know that the law had been followed and a reviewing court would know that it had no power of review.

Venue has long been a significant issue in Texas law, which is perhaps not surprising in a diverse state with 254 counties and an elected judiciary. The venue rules in Texas may be traced to our Spanish heritage. Clarence Guittard & John Tyler, *Revision of the Texas Venue Statute: A Reform Long Overdue*, 32 Baylor L.Rev. 563, 564–66 (1980). The original Texas venue statute, which was enacted by the first Congress of the Republic in 1836, adopted the general Spanish rule that provided a defendant with the privilege of a trial in the county of domicile with certain exceptions. *Id.* at 565. Since 1836, the Legislature has amended the venue scheme multiple times. Prior to 1983, the general rule that a defendant shall be sued

in the county of domicile had been modified by 34 statutory exceptions. Dan R. Price, *New Texas Venue Statute: Legislative History*, 15 St. Mary's L.J. 855, 857–58 (1984) (citing Tex.Rev.Civ. Stat. Ann. art. 1995 (Vernon 1964 & Supp.1982–1983)(amended 1983)). However, growing displeasure with alleged forum-shopping and plea of privilege delay led to wholesale venue reform in 1983. *See* Act of May 28, 1983, 68th Leg., R.S., ch. 385, §§ 1–3, 1983 Tex. Gen. Laws 2119–24. The plea of privilege was replaced with post-judgment venue appeal, subject to the guarantee of automatic appellate reversal for error. *See id.* at 2124. This provision was meant to "plac[e] parties at great risk if by fraud, negligence, oversight, or otherwise venue is improper in the ultimate county of suit." Price, *supra* at 879. I find no other instance in the laws of Texas where the Legislature has designated a preliminary determination to be so significant that it cannot be harmless error. Thus, the Legislature clearly considered proper venue to be of critical importance.

Beset by continuing allegations that parties were suing nominal defendants and bringing manufactured claims to obtain more favorable fora, the Legislature again undertook comprehensive venue reform in 1995. Act of May 18, 1995, 74th Leg., R.S., ch. 138, §§ 1–6, 1995 Tex. Gen. Laws 978–81 (codified at Tex. Civ. Prac. & Rem. Code §§ 15.001–.66). The Legislature expanded subsection 15.002(a) to include the current four provisions for proper venue,[1] supplanting the venerable single standard, which provided that venue was proper " 'in

the county in which all or a part of the cause of action accrued or in the county of defendant's residence if the defendant was a natural person.' " A. Erin Dwyer, Donald Celleluori, & Thomas A. Graves, *Annual Survey of Texas Law: Texas Civil Procedure*, 49 SMU L.Rev. 1371, 1375–76 (1996) (quoting Tex. Civ. Prac. & Rem. Code Ann.' § 15.001 (Vernon 1986)). These changes were intended "to eliminate continuing debate about where a cause of action accrued" and provide "a general rule specifying venue for all suits brought against corporations." *Id.* at 1376.

At the same time, the venue scheme was also amended to include sections 15.002(b) and (c). Act of May 18, 1995, 74th Leg., R.S., ch. 138,' § 1, 1995 Tex. Gen. Laws 979. Proponents of the amendment described section 15.002(b) as "a meaningful reform" to promote "fairness and balance in our venue laws," giving the trial court the "ability to balance all of the competing interests that are involved in trying to find a fair place within the venue statute to try a lawsuit." *An Act Relating to Venue for Civil Actions: Debate on Tex. S.B. 32 on the Floor of the House*, 74th Leg., R.S. 4 (May 3, 1995) (testimony of Rep. Duncan) (transcript available at the Texas State Law Library).

I refuse to believe that, by adding this provision, the Legislature intended to undermine the careful scheme it had just created in subsection (a). Was the Legislature really so cynical as to represent to litigants that a lawful venue position would be automatically vindicated on appeal,

---

1. Except as otherwise provided ... all lawsuits shall be brought:
   (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
   (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;
   (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or
   (4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

Tex. Civ. Prac. & Rem.Code § 15.002(a).

while in fact providing a "back door" method that would permit trial courts to insulate their venue transfers from any appellate review at all? Or was the Legislature really so naive as to believe that no lawyer would simply slip the words "convenience of the parties" into a transfer motion while presenting evidence and argument solely on the merits of its venue motion in hopes of luring the trial court into inadvertently making its ruling immune from appeal? I answer both questions "no." As the court of appeals noted, appellate review, and the threat of reversal, are important safeguards against venue fraud. 70 S.W.3d at 368 (citing *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 261 n. 3 (Tex. 1994); *Maranatha Temple, Inc. v. Enter. Prod. Co.*, 833 S.W.2d 736, 741 (Tex.App.— Houston [1st Dist.] 1992, writ denied)). While introducing some flexibility into the system, the Legislature still must have intended for the judge to make a convenience transfer only after a conscious determination, communicated to the parties, that in the court's opinion all three of the transfer requirements had been met. Otherwise the Legislature's intention that venue determinations under section 15.002(a) be automatically reversible on appeal could always be frustrated by a devious judge, clever counsel, or, as likely happened here, simply by accident. Therefore, I conclude that the Legislature required the trial judge to "find" all of these factors.

For the Court, the simplicity of the general rule trumps all. The Court is not at all curious about the problems its holding creates. Instead the Court's total analysis is:

> We acknowledge the court of appeals' concern that the usual presumption in favor of nonspecific orders will make many venue orders 'immune from review.' But in transfer orders based on convenience, that appears to have been precisely the Legislature's intent. And even under the court of appeals' bright-line test, trial judges who are so inclined may make any venue order immune from review simply by adding 'granted on convenience grounds.'

137 S.W.3d at 39 (citation omitted).

I agree with the court of appeals that the situation presented here is unique. Additionally, I find no other statute providing that a determination by a trial judge may be based on more than one reason, one being automatic error if wrong, and the other requiring a finding by the trial judge but being totally immune from appellate review. Requiring a trial court to state in its order, or otherwise include findings in the record, to establish that a granted motion to transfer venue is based on the convenience of the parties when the defendant has also sought transfer under traditional venue rules is necessary to preserve the Legislature's mandate that an erroneous section 15.002(a) ruling is automatically reversible.

Because the trial court below was presented with multiple grounds for venue transfer, one of which was section 15.002(b), and the trial court did not explain in its order or otherwise that the venue transfer it made was for the convenience of the parties, nor did the trial court make section 15.002(b) findings, I would hold that the trial court's order in this case is reviewable under section 15.002(a). If the Court were to reach the merits of the venue transfer, I would agree with the court of appeals that Garcia presented prima facie proof that venue was proper in Starr County and that the trial court erred in transferring the case to Hidalgo County.

I would therefore affirm the judgment of the court of appeals.

Justice WAINWRIGHT, dissenting.

Intending to stem venue shopping and gamesmanship, the Legislature precluded Texas appellate courts from reviewing venue transfers ordered on the basis of "convenience of the parties and witnesses and in the interest of justice." Tex. Civ. Prac. & Rem.Code § 15.002(b); *see An Act Relating to Venue for Civil Actions: Debate on Tex. S.B. 32 on the Floor of the House,* 74th Leg., R.S. 4 (May 3, 1995) (testimony of Rep. Duncan) (transcript available at the Texas State Law Library) [hereinafter *Debate on Tex. S.B. 32* ]. Unlike any other orders issued in civil matters by state trial courts (of which I am aware), decisions to transfer venue based on convenience of the parties are by statute shielded entirely from appellate review. Tex. Civ. Prac. & Rem.Code § 15.002(c). But the Legislature raises this shield only "where the court *finds* " the requisite elements required for the convenience transfer.[1] *Id.* § 15.002(b)-(c)(emphasis added). Notwithstanding the words of the statute, the Court decides today that trial courts need not comply with the Legislature's instructions under section 15.002(b) to find a convenience transfer with reference to the three factors set out in the statute. 137 S.W.3d 39. Now, without making the referenced finding, a trial court may sign an order that generically grants a transfer motion that recites anywhere in the motion four talismanic words B "convenience of the parties"—and insulate the grant of the motion from appellate review for all time. Under the Court's opinion, this occurs even if 1) no arguments were presented to the trial court in the briefing or at the venue hearing in support of a convenience

transfer, 2) no evidence was submitted in the briefing or at the hearing in support of the required statutory fact findings and 3) there is no indication in the record that a trial judge was even aware that signing the generic order would effect a convenience transfer. Certainly the Legislature may restrict appellate review of venue transfers upon the satisfaction of given conditions, but we should check to ensure that the conditions were considered by trial courts to trigger the bar on appellate review.

The Court goes even further and states that a trial judge can intentionally violate the statute, without recourse, by granting the transfer even if the judge expressly states that "there was no evidence for a convenience transfer." 137 S.W.3d at 39. If this were to occur, this Court should not countenance such conduct in the Texas judicial system, much less interpret a statute in a manner that invites its violation. The Court's interpretation of this statute is inconsistent with the statute's language and is a departure from long-standing precedent that we are to give effect to all of the words in a statute. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex.1997); *Simmons v. Arnim,* 110 Tex. 309, 220 S.W. 66, 70 (1920). The Court should follow the express language of the statute and simply require, at a minimum, some indication in the record that the trial court transferred the case for convenience of the parties. This approach is consistent with the legislative preclusion of appellate review of convenience transfers because it does not permit factual or legal sufficiency review of the evidence supporting a trans-

---

1. For a convenience transfer the court must find that "(1) maintenance of the action in the county of suit would work an injustice to the movant considering the movant's economic and personal hardship; (2) the balance of interests of all the parties predominates in favor of the action being brought in the other county; and (3) the transfer of the action would not work an injustice to any other party." Tex. Civ. Prac. & Rem.Code § 15.002(b)(1)-(3). The Court's opinion does not mention these three factors.

fer. Appellate courts would search the record only for some indication that the transfer was for the convenience of the parties. If such an indication is in the record, then the transfer stands and there is no appellate consideration of its merits.

In this case, Ramiro Garza and J & R Valley Oilfield Services, Inc. complained that Starr County was not a county of proper venue, asserting that "Plaintiffs' cause of action, if any, did not arise in Starr County" and that "no mandatory or permissive exception authorizes the maintenance of the action in Starr County, Texas." Specifically, defendants argued that Garza was not a resident of Starr County for venue purposes.[2] After arguing that venue was proper in Hidalgo County, the motion stated in the following single sentence: "Alternatively, [J & R] would show that venue should be transferred to Hidalgo County for the convenience of the parties."

The motion neither cited nor referenced any supporting arguments of inconvenience or injustice to the parties. At the venue hearing, the parties did not argue that the court should transfer the case based on convenience, neither the court nor the parties even mentioned the required findings under the statute, and there is no indication in the record that the trial judge granted a convenience transfer. The court signed an order that recited, "[T]he Court grants Defendants' Motion to Transfer Venue." The parties and the trial court focused on whether the plaintiffs' chosen venue, Starr County, was a proper venue under section 15.002(a)(2) based on Garza's residence, and there was ample evidence that Starr County was de-

fendant's residence. Venue was proper in Starr County, and this Court never suggests that it was not.

As further justification for its ruling, the Court contends that trial judges are too busy to pay attention to such details before signing venue transfer orders. 137 S.W.3d at 38. On the contrary, it is the sworn duty of judges to uphold the law and pay careful attention to such important legal details. Only when the record indicates that trial courts effected a convenience transfer may we then be satisfied that the statutory requisites were followed while also honoring the Legislature's intent to remove the merits of such transfers from appellate review. In short, when a transfer is also sought on traditional venue grounds, it would not be onerous to require a trial court transferring a case under section 15.002(b) to indicate in some manner in the record that, after considering the statutory factors, it granted the motion to transfer venue based on convenience of the parties and witnesses. This would avoid developing jurisprudence, as the Court does today, based on a guess that the judge "might have intended to grant [the motion] on convenience grounds." 137 S.W.3d at 39. Rather than guess, the Court could determine if a trial judge actually made a convenience transfer if it simply enforced the statute as written. Given a legislative instruction to trial courts to affirmatively take action to effect a convenience transfer, the Court should require some indication that the statute was followed rather than assume, without any indication in the record, that it was.

But the Court contends that its decision is not based on just a guess, but also on a

2. If venue is properly established against one defendant, it is also proper against all the defendants for all claims arising out of the same occurrence. Tex. Civ. Prac. & Rem. Code § 15.005. For this reason, the parties focused their argument on the important issue of Garza's county of residence.

presumption. 137 S.W.3d at 37. Its presumption is that "[g]enerally, we must affirm a trial court's ruling if any ground in the accompanying motion is meritorious." 137 S.W.3d at 37. I question whether insertion of a few words in a motion can always raise an additional meritorious ground on appeal in motions the Court cites to support its position (*e.g.*, summary judgments and pleas to the jurisdiction). Even assuming it can, this is also not an appropriate basis for the decision. It is inappropriate for the Court to apply an appellate presumption to trump a statutory instruction. This is especially true when the statute was enacted as part of a clear Legislative mandate, as existed here, to address venue shopping. *See Debate on Tex. S.B. 32, supra* (testimony of Rep. Duncan). Moreover, the Court's examples of motions to which this presumption applies are inapposite; the Legislature does not require a finding to grant a summary judgment or a plea to the jurisdiction; it does for a convenience transfer. The Court attempts to avoid this distinction by relying on a guess and a presumption. I fear that the opinion's method of interpreting this statute could open a pandora's box of unintended consequences by not enforcing the Legislature's instruction to trial courts to "find" specified factors to order a convenience transfer, when this can be accomplished without undermining the preclusion on appellate review.

For these reasons, I respectfully dissent, and I join sections I and II of Chief Justice PHILLIPS's dissent. I respectfully part with Chief Justice PHILLIPS's dissent only as to his statement that the Court's opinion may be supported by a literal reading of the statute.