**Order entered February 12, 2021**



**In The**
## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-20-00969-CV

### BRIGETTA D'OLIVIO A/K/A BRIGETTA ALIX ANDERSON, ALIX BRIGETTA, Appellant

### V.

### HILARY THOMPSON HUTSON, Appellee

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-04855-2019**

### ORDER

This is an appeal from the trial court's August 11, 2020 final order and judgment. Appellant filed a motion for new trial that was date-stamped September 14, 2020 and the notice of appeal November 9, 2020. Because the motion for new trial appeared to have been filed outside the allowable thirty-day period, *see* TEX. R. CIV. P. 329b(a), it appeared the deadline for filing the notice of appeal was September 10, 2020 and not November 9th when it was filed, *see* TEX. R. APP. P. 26.1, 26.1(a). We questioned our jurisdiction over the appeal based on timeliness

and directed the parties to file letter briefs addressing our concern. *See Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 545 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (timely filing of notice of appeal is jurisdictional). Separately, appellee challenged our jurisdiction by motion to dismiss. Appellee asserted we lacked jurisdiction because appellant did not pay the required filing fee for the motion for new trial at the time the motion was filed but waited until November 10th. Appellee contended that without the concurrent payment, the motion for new trial could not extend the deadline for filing the notice of appeal to November 9th, and the notice of appeal was therefore untimely. Additionally, appellee argued the appeal should be dismissed for want of prosecution because appellant delayed paying the fee for the clerk's record based on a dispute over the amount. Appellant has filed a response to appellee's motion, and appellee has filed a reply; both parties have filed the requested jurisdictional letter briefs. We address our and appellee's concerns in turn.

As to the timeliness of appellant's motion for new trial, appellant noted in her letter brief that she mailed the new trial motion on September 9th and attached proof of the date of mailing in support. Under Texas Rule of Civil Procedure 5, the motion, received within ten days of the September 10th deadline, is considered timely filed. *See* TEX. R. CIV. P. 5.

As to appellant's failure to pay the required motion fee, we note that a motion for new trial is conditionally filed, and extends the appellate deadlines, when presented to the trial court clerk even if it is tendered without the requisite fee. *See Garza v. Garcia*, 137 S.W.3d 36, 38 (Tex. 2004). Accordingly, the motion for new trial extended the appellate deadlines, and the notice of appeal is timely.

We **DENY** appellee's motion to dismiss to the extent it argues the notice of appeal is untimely. We further **DENY** appellee's motion to dismiss to the extent it argues appellant has failed to prosecute the appeal.

We note we suspended the deadline for the filing of the reporter's record pending determination of our jurisdiction over the appeal. Having concluded we have jurisdiction over the appeal, we **ORDER** Janet L. Dugger, Official Court Reporter for the 296th Judicial District Court, to file the record no later than March 3, 2021.

We **DIRECT** the Clerk of the Court to send a copy of this order to Ms. Dugger and the parties.

/s/    KEN MOLBERG
        JUSTICE