# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## BEFORE THE COURT EN BANC

## NO. 03-20-00058-CV

**Appellant, Christopher F. Bertucci, as Executor of The Estate of Anthony R. Bertucci, Deceased, and derivatively on behalf of American Affordable Homes & Properties, Inc.; American Affordable Homes, LP; Town Vista Development, LLC; Town Vista Terrace, Inc.; and MidCrowne Senior SLP, LLC // Cross-Appellant, Eugene L. Watkins, Jr.**

**v.**

**Appellee, Eugene L. Watkins, Jr. // Cross-Appellee, Christopher F. Bertucci, as Executor of The Estate of Anthony R. Bertucci, Deceased, and derivatively on behalf of American Affordable Homes & Properties, Inc.; American Affordable Homes, LP; Town Vista Development, LLC; Town Vista Terrace, Inc.; and MidCrowne Senior SLP, LLC**

## FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY
## NO. C-1-PB-17-000937, THE HONORABLE GUY S. HERMAN, JUDGE PRESIDING

## CONCURRING AND DISSENTING OPINION

I agree with the Court's conclusions and join in both the opinion and the judgment on all issues, except for one—that Christopher Bertucci failed to properly brief the Court on the challenges to the trial court's disposition of the derivative claims he brought on behalf of the B-W Companies and thus waived those challenges.[1] Because I disagree with the Court's analysis of the

---

[1] Because they share the same last name, I refer to Christopher Bertucci as "Christopher" and Anthony Bertucci as "Anthony."

waiver issue for the reasons explained below and would address the merits of the derivative claims, I respectfully dissent on this issue.

While it is true that failure to provide argument and analysis in support of an appeal may result in waiver, *see RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018), I would conclude that Christopher raised arguments in support of the derivative claims and that we should construe his briefing "reasonably, yet liberally, so that the right to appellate review is not lost by waiver," *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008). As the Texas Supreme Court has instructed many times, "appellate courts should reach the merits of an appeal whenever reasonably possible." *Id.*

As the Court notes, Christopher maintained the distinction between Anthony's claims brought in an individual capacity and the derivative claims brought in a representative capacity (all of which Christopher pursued as executor of Anthony's estate) when the notice of appeal was filed, titling it "Defendants' Notice of Appeal," and identifying the five B-W Companies on behalf of which he brought the appeal of the derivative claims. *See Sneed v. Webre*, 465 S.W.3d 169, 188-89 (Tex. 2015) (explaining that shareholder of a closely held corporation has standing to pursue corporation's claim in representative capacity in derivative proceeding but that shareholder must prove personal cause of action and personal injury to recover in his individual capacity for non-derivative claims). Thus, Christopher invoked our jurisdiction over the derivative claims. He also attached to the docketing statement for the appeal an "Additional Appellants" page to "identify the following organizations that are additional Appellants" and listed the five B-W Companies again. The opening brief was titled "Appellants' Brief" and refers to "Appellants" throughout, and the signature blocks for counsel on every document they filed identifies them as "Counsel for Appellants," which is consistent with the reference in the notice of

2

appeal to the plural "Defendants." While the use of the word "appellants" is not dispositive of this issue, it at least indicates Christopher's intent to brief both Anthony's individual claims and the derivative claims. The Identity of Parties and Counsel page lists "Appellants: Christopher Bertucci, Executor, Estate of Anthony R. Bertucci," which is consistent with the naming convention followed in the briefing in the trial court that consistently referred to Christopher as "Executor" or "Christopher" when discussing the derivative claims as well as the individual claims. Technically, Christopher, as Executor, is the only appellant but brought the appeal in two capacities, one asserting Anthony's individual claims and one asserting derivative claims initially brought by Anthony in a representative capacity on behalf of the B-W Companies, and the Court has styled the case accordingly. I would conclude that Christopher's failure to identify the B-W Companies by name in the Identity of Parties section is the sort of "harmless procedural defect" that the Texas Supreme Court has counseled against as a basis for disposing of appeals. *See id.* ("[D]isposing of appeals for harmless procedural defects is disfavored."); *see also St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 213 (Tex. 2020) ("We construe the Rules of Appellate Procedure liberally, so that decisions turn on substance rather than procedural technicality." (quoting *Garza v. Garcia*, 137 S.W.3d 36, 38 (Tex. 2004)).

In the Sixth Amended Counterclaim, Christopher, acting as Executor, brought Anthony's individual claims and derivative claims on behalf of the B-W Companies against Watkins for (1) civil theft under the Texas Theft Liability Act; (2) breach of fiduciary duty; (3) breach of the duty to account; (4) equitable disgorgement and forfeiture; and (5) breach of contract. These claims are based on Watkins's alleged conduct and do not differentiate between actions that allegedly harmed the estate and actions that allegedly harmed the B-W Companies. Similarly, for the most part, the parties' arguments in the summary-judgment briefing do not

3

distinguish between arguments applicable to Anthony's individual claims and arguments applicable to the derivative claims.[2]

In the reply brief, Christopher contested Watkins's argument, raised in his appellee's brief, that Christopher did not file an opening brief in a representative capacity on behalf of the B-W Companies and thus did not pursue the derivative claims on appeal. Christopher argued that he had not abandoned the derivative claims and that we should liberally construe the opening brief, asserting that it discusses each derivative claim and the leading cases and providing page cites to the opening brief. Although the Court concludes that the specific pages cited by Christopher reflect an absence of arguments specific to the derivative claims and this absence constitutes a waiver of the appeal of those claims, I would conclude otherwise.

Christopher's first cited reference to argument in the opening brief about the derivative claims concerns Texas Rule of Evidence 601(b), the "Dead Man's Rule," which applies only in a civil case by or against a party in the party's capacity as executor to exclude testimony about an oral statement by the testator. In a subsection titled "The Dead Man's Rule applies to all of [Anthony] Bertucci's claims," Christopher sought to preempt Watkins's argument made in the trial court—which Watkins made again on appeal—that the Dead Man's Rule does not apply to exclude Watkins's testimony. Watkins argued that because Watkins did not owe Anthony, in his individual capacity, fiduciary or contractual duties, any claims that could be asserted about Company deposits into and disbursements from TCB's account had to be brought by Christopher in a derivative capacity, not his capacity as Executor, and thus the Dead Man's Rule would not

_____

[2] The only exceptions appear to be Watkins's arguments about Christopher's standing to bring the derivative claims, whether Watkins owed fiduciary duties to Anthony individually, and whether Watkins and Anthony had an enforceable contract based on the Companies' governing documents.

4

apply. While Christopher's rebuttal argument perhaps could have been more artfully articulated, a close reading indicates that Christopher argues that the Dead Man's Rule should apply to exclude Watkins's testimony about Anthony's knowledge of the disputed transactions as it relates to both the individual claims and the derivative claims. Christopher argues that because Anthony initially had asserted individual claims and also had asserted derivative claims on behalf of the B-W Companies, which he had standing to assert because they were closely held corporations, as Executor, Christopher stepped into his father's shoes and had "standing to maintain *all* of [Anthony's] claims." In other words, Christopher argues that it is his role as executor that enables him to maintain the derivative claims originally brought by Anthony on behalf of the Companies.

Christopher also refers the Court to the subsection of the opening brief titled "Watkins owed fiduciary duties to Appellants and breached them," which supports his argument that the trial court erred by granting Watkins's no-evidence motion and dismissing Anthony's claims. In that subsection, Christopher argues that the evidence, including Watkins's own admissions, supports a finding that the various positions that Watkins held at the companies while managing the venture imposed fiduciary duties. Christopher then lists those positions at the various companies and cites case law to support that Watkins had fiduciary duties to both the corporations and the partnerships. *See, e.g.*, *Ritchie v. Rupe*, 443 S.W.3d 856, 868, 887 (Tex. 2014) (holding that corporate officers and directors owe fiduciary duties to entities that prohibit them from misapplying corporate assets for their personal gain); *In re Jones*, 445 B.R. 677, 713 (Bankr. N.D. Tex. 2011) (concluding that under Texas law managing partners owe fiduciary duties to partnerships and their limited partners "and this concept applies even in a two-tiered structure where an individual is acting as the manager of the managing general partner"). In my opinion,

this portion of the briefing expressly addresses the derivative claim for breach of fiduciary duty.[3] *See First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 222 (Tex. 2017) (explaining that when we review briefs, Rule 38.1 requires us "to treat the statement of an issue 'as covering every subsidiary question that is fairly included'" (quoting Tex. R. App. P. 38.1(f))).

Christopher also refers to his citation of the statement in *Ritchie v. Rupe* that the law affords a remedy for a corporate officer's breach of fiduciary duty to the corporation to demonstrate that he argued the derivative claims in the opening brief. He quoted that statement in support of his argument that an exculpatory clause is against public policy, which the Court concludes is not so plainly an argument related to the derivative claims to support an implication that Christopher made the argument to advance the derivative claims. Accordingly, the Court concludes that Christopher has waived the appeal of the derivative claims based on "[t]he absence of arguments specific to the derivative claims." However, this conclusion rests upon an assumption that is not borne out by a review of the parties' briefing in the trial court—that there are other arguments to be made that apply only to the derivative claims. As I noted earlier, for the most part, the individual claims and the derivative claims seek the same remedies for the same alleged conduct by Watkins. The Court does not identify any arguments specific to the derivative claims that Christopher could have made but did not.

I agree with the Court that it was not Watkins's responsibility to correct Christopher's failure to list the B-W Companies in the Identity of Parties section of the opening brief, which Christopher describes as an "oversight" and an "inadvertent omission." Ideally,

---

[3] For this reason, I also disagree with the Court's conclusion that Christopher's argument in the reply brief that Watkins owed fiduciary duties to the Companies in addition to the duties Watkins owed to Anthony is a new issue raised in the reply brief and therefore waived.

Christopher would have sought to amend the opening brief after Watkins brought the matter to his attention. *See* Tex. R. App. P. 38.7 (allowing amendment or supplementation of brief "whenever justice requires, on whatever reasonable terms the court may prescribe"); *see also id.* R. 38.9 (allowing court to require amendment or supplementation for formal defects in briefing). But Christopher expressly stated in the reply brief that he had not abandoned the derivative claims and identified the arguments in the opening brief that addressed arguments that implicate only the derivative claims—in my view, that express statement and identification of arguments sufficed to avoid waiver of those claims.

In sum, I dissent from the Court's conclusions that (1) the B-W Companies are parties who were not named in the brief and thus they have not filed a brief and (2) Christopher did not present arguments and claims on their behalf. Christopher's brief addressed the merits of the trial court's orders dismissing the derivative claims, including the specific question of whether Watkins owed fiduciary duties to the B-W Companies, and "we liberally construe issues presented to obtain a just, fair, and equitable adjudication of the rights of the litigants." *Perry*, 272 S.W.3d at 588 (quoting *El Paso Nat. Gas v. Minco Oil & Gas, Inc.*, 8 S.W.3d 309, 316 (Tex. 1999)); *see also St. John Missionary Baptist Church*, 595 S.W.3d at 214 ("We have often held that a party sufficiently preserves an issue for review by arguing the issue's substance, even if the party does not call the issue by name."). Because I would reach the merits of the issues related to the trial court's dismissal of the derivative claims brought by Christopher on behalf of the B-W Companies, I respectfully dissent on this issue only.

_____

Gisela D. Triana, Justice

7

Concurring and Dissenting Opinion by Justice Triana, joined by Justice Kelly

Filed:   December 30, 2022