**Affirmed and Opinion Filed October 31, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00759-CV**

**MARIA ARBAIZA, INDIVIDUALLY, AS THE REPRESENTATIVE ON BEHALF OF THE ESTATE OF JULIO CESAR BAIZA ARBAIZA, AND AS NEXT FRIEND TO JULIO CESAR BAIZA ARBAIZA'S MINOR CHILD M.A.B.A.; AND JULIO CESAR BAIZA, SR., Appellants**
**V.**
**CHICAS LOCAS, INC.; FARE ARLINGTON; ARLINGTON ENTERTAINMENT LLC; T AND N, INCORPORATED; DUNCAN BURCH; BERT EZRA STAIR; AND STEVEN W. CRAFT, Appellees**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-01889**

## MEMORANDUM OPINION
Before Justices Molberg, Carlyle, and Smith
Opinion by Justice Carlyle

In this interlocutory appeal, appellants challenge the trial court's order transferring venue of this dram shop liability case from Dallas County to Tarrant County. In this type of appeal, we review "whether the trial court's order is proper based on an independent determination from the record and not under either an abuse of discretion or substantial evidence standard." *See* TEX. CIV. PRAC. & REM. CODE § 15.003(c)(1). We affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

**Background**

On February 6, 2021, decedent Julio Cesar Baiza Arbaiza was fatally injured in a single-car accident while driving home after drinking alcohol at Chicas Locas in Arlington, Texas. His estate and several surviving relatives (plaintiffs or appellants)[1] filed this lawsuit in Dallas County against multiple entities and individuals alleged to be owners or operators of Chicas Locas.[2] Appellants asserted, among other things, violation of the Texas Dram Shop Act. *See* TEX. ALCO. BEV. CODE §§ 2.01–.03.

The petition alleged, "Venue is proper in Dallas County under . . . §15.002(a)(3) of TEX. CIV. PRAC. & REM. CODE because one or more Defendants reside in Dallas County." The petition also stated (1) each entity defendant may be served "through its attorney of record, to-wit: Charles J. Quaid located at 8150 North Central Expressway, Suite 600, Dallas, Texas 75206," and (2) each individual defendant may be served through his "attorney of record," Mr. Quaid, at that same address or at another described Dallas address.

---

[1] Plaintiffs/appellants are Maria Arbaiza, individually, as the representative on behalf of The Estate of Julio Cesar Baiza Arbaiza, and as next friend to Julio Cesar Baiza Arbaiza's minor child M.A.B.A.; and Julio Cesar Baiza, Sr.

[2] The defendants named in the petition are Chicas Locas, Inc.; Fare Arlington; Arlington Entertainment LLC; T and N, Incorporated; Duncan Burch; Bert Ezra Stair; Steven W. Craft; and Dean Maddox. The record does not show Mr. Maddox was served with citation or filed an answer or motion to transfer venue, nor is he an appellee in this appeal.

Appellees moved to transfer venue to Tarrant County "(1) because Dallas County is not a proper venue OR, at best, only tenuously connected to the claims and/or (2) '[f]or the convenience of the parties and witnesses and in the interest of justice.'"[3] The motion to transfer venue contained a section titled "Specific Denial of Venue Facts," where appellees specifically denied the relevant Dallas County venue facts and attached affidavits in support. *See* TEX. R. CIV. P. 87(3)(a) ("All venue facts, when properly pleaded, shall be taken as true unless specifically denied by the adverse party.").

Though the appellate record contains no reporter's record of the hearing on the venue-transfer motion, the clerk's record shows that after the hearing, (1) appellees submitted a proposed order that stated, "IT IS ORDERED that Defendants' Motions to Transfer Venue is GRANTED including, but not limited to the grounds that Dallas County, Texas is an inconvenient forum and Tarrant County Texas is a more convenient forum and a county of proper venue"; (2) appellants filed an objection asserting that the "language regarding a transfer of convenience should be stricken from the order" because the trial court "did not order a transfer of venue based upon the convenience of the parties" and "[s]pecifically, the Court found that the order to transfer venue was not based on the convenience of the parties"; and (3) the trial court signed an order that was identical to appellees' proposed order in

---

[3] Appellees' venue-transfer request was asserted in two separate motions, one filed by the four entity appellees and another filed less than a month later by the three individual appellees that incorporated and adopted the initial motion. We refer to those two motions collectively as the motion to transfer venue.

most respects but, instead of containing the objected-to language, stated only that "Defendants' Motions to Transfer Venue is GRANTED."

Appellants filed a timely notice of interlocutory appeal in which they asserted, "This appeal is accelerated pursuant to Texas Rule of Appellate Procedure 28.1 and Section 15.003(b) of the Texas Civil Practice and Remedies Code." Appellees filed a pre-submission motion asking this Court to dismiss this appeal for lack of jurisdiction, which we have carried with the case. Both sides filed appellate briefs.

**Analysis**

We begin with appellees' pre-submission motion to dismiss this appeal for lack of jurisdiction. According to appellees, "When a party moves to transfer venue on multiple legal theories/ground and one of the grounds is '[f]or the convenience of the parties and witnesses and in the interest of justice' pursuant to Texas Civil Practice and Remedies Code § 15.002(b), and the face of the Order sustaining said party's motion does not explicitly state the grounds the Motion to Transfer was granted upon, the Order cannot be appealed pursuant to Texas Civil Practice and Remedies Code § 15.002(c)." Appellees cite several cases from this Court, all of which rely on *Garza v. Garcia*, 137 S.W.3d 36, 38–39 (Tex. 2004): *In re Beasley*, No. 05-18-00382-CV, 2018 WL 2126826, at *1 (Tex. App.—Dallas May 8, 2018, orig. proceeding) (mem. op.); *Davis v. Hendrick Autoguard, Inc.*, 294 S.W.3d 835, 837 (Tex. App.—Dallas 2009, no pet.); *Jones v. Pioneer/Eclipse Corp.*, No. 05-08-

00446-CV, 2009 WL 1395932, at *1 (Tex. App.—Dallas May 20, 2009, pet. denied) (mem. op.).

In *Garza*, a defendant filed a venue-transfer motion asserting both improper venue and inconvenience, which the trial court granted without specifying the grounds. 137 S.W.3d at 37. Our supreme court stated, "Generally, we must affirm such general orders if any ground in the accompanying motion is meritorious." *Id*. The supreme court cited and described section 15.002(c), then reasoned, "Because the [venue] transfer order here includes no reasons, we cannot be certain on which of the two grounds it was granted; one ground was convenience, and the evidence showed most of the witnesses and all of the events took place in Hidalgo County." *Id*. at 39. The supreme court stated that the trial court judge "might have intended to grant it on convenience grounds" and "we cannot ignore the Legislature's ban on reviewing such orders by adopting a new presumption so we can review them anyway." *Id*. The supreme court also stated, "Our dissenting colleagues conclude the trial court could not possibly have granted this transfer on convenience grounds, but do so only after looking beyond the motion and order to the supporting evidence and the attorneys' arguments—exactly the kind of appellate review the statute precludes." *Id*. The supreme court concluded "the court of appeals should have affirmed the trial court's transfer on convenience grounds." *Id*. at 40; *see also* *Beasley*, 2018 WL 2126826, at *1 ("Where, as here, the motion to transfer sufficiently invoked subsection [15.002(b)] in requesting a transfer and the trial court

–5–

did not give a reason for granting the transfer request, the order granting the transfer is statutorily beyond our review."); *Davis*, 294 S.W.3d at 837 ("Because defendants' motions raised 15.002(b) as a ground to transfer venue and the trial court did not state in its order the ground upon which it relied in granting the motions, we are statutorily prohibited from reviewing the order."); *Jones*, 2009 WL 1395932, at *1 ("Because [defendant's] motion sufficiently invoked section 15.002(b) in requesting a transfer and the trial court did not give a reason for granting the transfer request, we are statutorily prohibited from reviewing the order.").

None of the cases appellees cite involved dismissal of a venue-transfer appeal for lack of jurisdiction or, with the exception of *Jones*, had multiple plaintiffs. Several of our sister courts of appeals have concluded that under 15.003(b), "interlocutory appeals are available for venue determinations in any case involving multiple plaintiffs." *See Shamoun & Norman v. Yarto Int'l Grp.*, 398 S.W.3d 272, 285 (Tex. App.—Corpus Christi–Edinburg 2013, pet. dism'd) (citing cases). This Court has stated,

> The court [in *Shamoun*] later reiterated, "[T]he 2003 amendment [to section 15.003] expanded interlocutory appellate jurisdiction under section 15.003(b) to all venue rulings in cases involving multiple plaintiffs." *Id*. at 287 n.18. We agree because, in a multiple-plaintiff case, every venue ruling is necessarily a determination that a plaintiff did or did not independently establish proper venue.

*Union Pac. R. Co. v. Stouffer*, 420 S.W.3d 233, 238 (Tex. App.—Dallas 2013, pet. dism'd).

Appellees contend that in *Jones* "the appeal of multiple plaintiffs was dismissed by this Court for want of jurisdiction" because of 15.002(c). *See Jones,* 2009 WL 1395932, at \*1. But *Jones* was an appeal after a final judgment, not a section 15.003(b) interlocutory appeal. *See id*. And we did not dismiss the appeal in *Jones*, but rather affirmed the trial court's judgment after concluding, among other things, that we were "prohibited from reviewing" the venue-transfer order because it did not state the ground and thus could have been rendered pursuant to convenience under 15.002(b). *Id*. We cannot agree that *Jones* is instructive regarding our jurisdiction here. We reject appellees' contention that we lack jurisdiction as to this appeal and we deny their pre-submission motion to dismiss. *See* TEX. CIV. PRAC. & REM. CODE § 15.003(b); *Union Pac.*, 420 S.W.3d at 238.

That said, like *Garza*, *Beasley*, *Davis*, and *Jones*, this appeal involves a venue-transfer request based on multiple grounds, including convenience, and includes an order that does not state a reason for the ruling on the request. Even assuming that section 15.003(c) requires us to consider the entire record, we cannot agree with appellants that the record shows the venue-transfer order was not based on convenience pursuant to section 15.002(b).

The trial court's order stated, "IT IS ORDERED that Defendants' Motions to Transfer Venue is GRANTED." The order did not contain appellees' proposed clause, "including, but not limited to the grounds that Dallas County, Texas is an inconvenient forum and Tarrant County Texas is a more convenient forum and a

–7–

county of proper venue." But to the extent appellants contend the omission of that language means the trial court disagreed with it, that position is weakened by the fact that in transferring venue, the trial court also necessarily determined Tarrant County was "a county of proper venue," yet omitted that proposed language. The omission of appellees' requested language does not necessarily equate to disagreement with that language. Further, the order's final language, which is general on its face, could reasonably be construed as intended to be broader than the proposed language, rather than a restriction of it.

As in *Garza*, "[b]ecause the [venue] transfer order here includes no reasons, we cannot be certain on which of the two grounds it was granted," and "one ground was convenience," which we are precluded from reviewing. *Garza*, 137 S.W.3d at 39–40. Thus, we must affirm the trial court's order. *Id*. at 40 (concluding court of appeals "should have affirmed the trial court's transfer order on convenience grounds" due to lack of indication of ruling's basis); *see Beasley*, 2018 WL 2126826, at *1; *Davis*, 294 S.W.3d at 837; *Jones*, 2009 WL 1395932, at *1.

We affirm the trial court's venue-transfer order.

230759f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARIA ARBAIZA, AS THE REPRESENTATIVE OF BEHALF OF THE ESTATE OF JULIO CESAR BAIZA ARBAIZA, ET AL., Appellant

No. 05-23-00759-CV     V.

CHICAS LOCAS, INC., ET AL, Appellee

On Appeal from the 116th Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-23-01889. Opinion delivered by Justice Carlyle. Justices Smith and Kennedy participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee CHICAS LOCAS, INC., ET AL recover its costs of this appeal and the full amount of the trial court's judgment from appellant MARIA ARBAIZA, AS THE REPRESENTATIVE OF BEHALF OF THE ESTATE OF JULIO CESAR BAIZA ARBAIZA, ET AL.

Judgment entered this 31st day of October 2023.