**S.E.A. LEASING, INC., Appellant,**

v.

**Jeff STEELE and Melissa Steele, Appellees.**

**No. 01–05–00189–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 17, 2007.

On Appeal from the 189th District Court, Harris County, Texas, William R. Burke, Jr., Judge.

Charles M.R. Vethan, Vethan Waldrop, Vethan Waldrop, P.L.L.C., Houston, TX, for Appellant.

Robert Dubose, Alexander Dubose Jones & Townsend LLP, Sean R. Cox, Houston, S. Scott West, The West Law Firm, Sugar Land, TX, for Appellee.

Panel consists of Justices TAFT, ALCALA, and HANKS.

## OPINION DISSENTING FROM THE DENIAL OF EN BANC RECONSIDERATION

EVELYN V. KEYES, Justice.

I respectfully dissent from denial of en banc reconsideration. The panel opinion in this case adds new and unprecedented hurdles to appellants' preservation of legal sufficiency points of error. In so doing, it contravenes the objective of Texas Rule of Civil Procedure 1, namely "to obtain a just, fair, equitable and impartial adjudication of the rights of litigants under established principles of substantive law," to which end the rules "shall be given a liberal construction." TEX.R. CIV. P. 1. En banc reconsideration is, in my view, justified to maintain the uniformity of this Court's interpretation of the rules of civil and appellate procedure with established precedent on the important issue of preservation of legal error and its conformity with the mandate of Rule 1. *See* TEX.R.APP. P. 41.2(c).[1]

### Preservation Issues

Appellant, S.E.A. Leasing, Inc., argues in its first and second issues on appeal that the trial court erred in failing to grant its motions for summary judgment and for new trial on limitations grounds because (1) the Steeles' misidentification of the

proper party defendant did not toll the limitations period, since there was no evidence of fraudulent concealment, and (2) S.E.A. Leasing's absence from the state as a foreign corporation did not defer accrual of the cause of action against it. In its third issue, S.E.A. Leasing argues that the trial court erred by admitting the expert-witness testimony of Emil Shebelbon over its objection because "[the Steeles] failed to put forth any evidence to meet their burden of showing that Shebelbon's opinion was based on sufficiently objective foundation or reliable methodology to constitute legal evidence." In its fourth issue, S.E.A. Leasing argues that Shelbebon's expert testimony was non-probative and thus there was legally insufficient evidence of an unreasonably dangerous condition on its land.

The panel holds that S.E.A. Leasing failed to preserve any of these issues for appellate review. Specifically, it holds that (1) because appellant, S.E.A. Leasing, failed to pay the filing fee on its motion for new trial, it failed to preserve for appeal both its statute-of-limitations argument and its argument that the evidence was legally insufficient to show that a dangerous condition existed on its premises; (2) in any event, S.E.A. Leasing's motion for new trial failed to preserve its statute-of-limitations point of error because its arguments on that point in its motion for new trial differed from its arguments on appeal; and (3) S.E.A. Leasing failed to preserve its objections to the admissibility and legal competency of the expert testimony relied on by appellees Jeff Steele and Melissa Steele (the Steeles) and the legal sufficiency of that testimony to prove

---

1. Rule 41.2, governing decisions on en banc consideration, provides, in relevant part:

   (c) *En Banc Consideration Disfavored.* En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration. . . .

   TEX.R.APP. P. 41.2(c).

the unreasonable danger element of their premises liability claim. Because, in the panel's view, no error was preserved, the panel affirms the trial court's judgment.

In my view, the panel opinion is erroneous as to all three preservation issues. S.E.A. Leasing preserved and correctly asserted its statute-of-limitations challenge to the trial court's judgment, its challenge to the admissibility and competency of the expert testimony upon which the Steeles relied, and its challenge to the legal sufficiency of the evidence to prove the unreasonable danger element of the Steeles' premises liability claim. This appeal should have been decided on its merits.

## Waiver Through Failure to Pay Filing Fee on Motion for New Trial

S.E.A. Leasing raised its statute-of-limitations affirmative defense in its pleadings and in a motion for summary judgment, which was denied. It then raised the issue again in its motion for new trial, stating, "Plaintiff presents no legally cognizable evidence to excuse or toll the expiration of the limitations period controlling this action." It argued that the statute of limitations was not tolled because the Steeles had offered no evidence at trial to support avoidance of limitations under the discovery rule, fraudulent concealment, misidentification, or S.E.A. Leasing's absence from the State. The trial court conducted an oral hearing on S.E.A. Leasing's motion for new trial and overruled it. No objection was made in the trial court to S.E.A. Leasing's failure to pay the filing fee for its motion; nor was any objection made to that court's consideration of the motion.

## Failure to Pay Filing Fee on Motion for New Trial

The panel holds that "an appellant's failure timely to pay the filing fee before the trial court loses its plenary power does not preserve the appellant's complaint for review on appeal." It rests its conclusion on the Texas Supreme Court's holding in *Garza v. Garcia*, 137 S.W.3d 36, 38 (Tex. 2004) (quoting *Jamar v. Patterson*, 868 S.W.2d 318, 319 n. 3 (Tex.1993)). In my view, the panel misconstrues *Garza* and its mandate regarding preservation of error when the filing fee on a motion for new trial has not been paid.

The panel opines, correctly, that to preserve its legal-sufficiency complaint, S.E.A. Leasing had to raise it in (1) a motion for instructed verdict; (2) an objection to the charge; (3) a motion for judgment notwithstanding the verdict; (4) a motion to disregard the jury's answer to a vital fact issue; or (5) **a motion for new trial.** *See Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex. 1991); *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex.1985). Nevertheless, the panel holds that S.E.A. Leasing failed to preserve its statute-of-limitations complaint because that complaint was raised only in a motion for new trial on which S.E.A. Leasing failed to pay the filing fee. I would hold that S.E.A. Leasing's failure to pay the filing fee on its motion for new trial did *not* cause it to lose its right to appeal its limitations defense.

In *Garza*, the supreme court considered whether a motion for new trial extended the timetable for filing a notice of appeal even if—as here—the requisite filing fee for the motion was never paid. 137 S.W.3d at 37. The court held that a fee-less motion was *conditionally filed* for purposes of the appellate timetable and, therefore, it was effective to extend appellate deadlines. It did *not* hold that a motion filed without the filing fee is *not* conditionally filed, as the panel opinion implies, and, therefore, if the trial court loses its plenary power before the fee is paid the motion is never filed and does not

preserve error; it held the opposite. *See id.* at 37–38.

In *Jamar v. Patterson,* the supreme court had held that appellate deadlines are extended by a fee paid before a motion for new trial is overruled. 868 S.W.2d 318, 319 (Tex.1993). In *Garza,* the supreme court extended that rule to cases in which the fee is never paid at all. *See* 137 S.W.3d at 38 n. 8 (citing *Jamar,* 868 S.W.2d at 319). The court stated:

> *Although we have previously reserved ruling on a fee that was never paid, we now extend the same rule [that a motion for new trial is considered conditionally filed for purposes of the appellate timetable when the fee is paid late but while the court retains plenary power] to this situation for the same reasons. We construe the Rules of Appellate Procedure liberally, so that decisions turn on substance rather than procedural technicality;* nothing in those rules requires a fee to accompany a motion for new trial, or that such a fee be paid at all.... The alternative would breed uncertainty....

*Id.* at 38 (emphasis added). The supreme court opinion was thus generally in accord with (although more liberal than) this Court's prior holding in *Finley v. J.C. Pace Ltd.,* 4 S.W.3d 319, 321 (Tex.App.-Houston [1st Dist.] 1999, no pet.) (holding, prior to *Garza,* that timely tendered motion for new trial extends appellate timetable regardless of when filing fee is paid; denying motion to dismiss appeal for failure of appellant to pay statutory $15 filing fee for motion for new trial, but ordering fee paid within 15 days of order to prevent dismissal for want of jurisdiction).

The *Garza* court added that filing fees are not irrelevant, even though motions for new trial are deemed conditionally filed without them, because a trial court is not *required* to review a motion for new trial if the filing fee is never paid. It did *not* opine, however—as the panel opinion in this case would have it-that the trial court is required *not* to review a motion for new trial if its plenary power expires before the filing fee is paid. *See Garza,* 137 S.W.3d at 38. Nor did the supreme court hold that a motion for new trial must be reviewed by the trial court to preserve error, as the majority indicates; and, indeed, such a holding would contravene Rule of Civil Procedure 329b and Rule of Appellate Procedure 33.1(b). *See* Tex.R. Civ. P. 329b(a), (e); Tex.R.App. P. 33.1(b) ("In a civil case, the overruling by operation of law of a motion for new trial ... preserves for appellate review a complaint properly made in the motion...."). In both *Garza* and its predecessor *Jamar,* the supreme court took exactly the opposite approach to that for which the panel cites those cases and rejected, rather than approved, the elevation of strict adherence to procedural technicalities over the preservation of error. *See Garza,* 137 S.W.3d at 38; *Jamar,* 868 S.W.2d at 319.[2]

The panel opinion is likewise inconsistent with prior case law from our sister courts of appeals in holding that an appellant's failure to pay the filing fee for the motion for new trial before the trial court loses plenary power "does not preserve the appellant's complaint for review on appeal." *See Weeks Marine, Inc. v. Salinas,* 225 S.W.3d 311, 317 (Tex.App.-San Antonio 2007, pet. filed) (addressing merits of appeal in which filing fee on motion for new trial was not timely paid, but in which trial court held hearing on motion, thereby considering it); *Kvanvig v. Garcia,* 928

---

**2.** The *Jamar* court advised that, "absent rare circumstances," the trial court should not consider a motion for new trial before the filing fee is paid, but it did not preclude such consideration. *See Jamar v. Patterson,* 868 S.W.2d 318, 319 (Tex.1994).

S.W.2d 777, 779 (Tex.App.-Corpus Christi 1996, no writ) (holding that trial court has discretion to consider and to rule on motion for new trial from time tendered to clerk and conditionally filed and noting that "the payment of filing fees in other contexts is not generally a prerequisite to jurisdiction, nor does the failure to pay such fees deprive the trial court of jurisdiction over a case"); *see also Tate v. E.I. DuPont de Nemours*, 934 S.W.2d 83, 84 (Tex.1996) (quoting *Jamar*, 868 S.W.2d at 319 and citing as basis for holding in *Jamar*, supreme court's "policy to construe rules reasonably but liberally, when possible, so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal words of the rule").

I would hold, therefore, that any challenge to S.E.A. Leasing's failure to pay the filing fee on its motion for new trial was waived, not that the failure to pay the fee was fatal to its preservation of the issues presented in the motion.[3]

### Failure to Object on Same Basis in Trial Court and Appellate Court

The panel opinion next holds that "in its motion for new trial, S.E.A. Leasing did not complain that there was no basis to avoid limitations under misidentification or

---

**3.** In his "Concurring Opinion on Denial of En Banc Reconsideration," Justice Taft states that I "contend[ ] in part that the panel's holding was erroneous because the trial court conducted an oral hearing on S.E.A. Leasing's motion for new trial and overruled it and the Steeles made no objection in the trial court to S.E.A. Leasing's failure to pay the filing fee for its motion, nor did they object to the trial court's consideration of S.E.A. Leasing's motion." *S.E.A. Leasing, Inc. v. Jeff Steele & Melissa Steele*, 264 S.W.3d 71, 01–05–00189–CV, 2007 WL 2390379 (Tex.App.-Houston [1st Dist.] Aug. 17, 2007, no pet. h.) (Taft, J., concurring in denial of en banc reconsideration). The concurrence complains that I can "support this position only by relying on exhibits attached to S.E.A. Leasing's motion for rehearing, rather than on anything in the record before this Court."

I, in fact, believe, for the reasons stated above, that the panel opinion would be erroneous whether the trial court had held a hearing on S.E.A. Leasing's motion for new trial and expressly overruled it, as it did, or whether it had let the conditionally filed motion be overruled by operation of law. My objection is to the panel's refusal to consider the motion conditionally filed, contrary to all other courts, including the supreme court, and its insistence that S.E.A. Leasing's non-payment of the filing fee for its motion for new trial precludes the preservation of legal error asserted only in the motion. *See Garza v. Garcia*, 137 S.W.3d 36, 38 (Tex.2004).

Nevertheless, assuming the materiality of the hearing to my argument, the concurrence complains that I could not properly consider the evidence that such a hearing was held because S.E.A. Leasing did not present that evidence to this Court earlier. The matter of whether the trial considered S.E.A. Leasing's motion for new trial would, however, never have come up had the *Steeles* not raised *for the first time in their appellate brief* the issue of S.E.A. Leasing's non-payment of the filing fee as grounds for this Court's denying review of the substantive legal issues S.E.A. Leasing preserved in its motion for new trial. In this regard, I observe that *there is no objection by the Steeles in the clerk's record to S.E.A. Leasing's failure to pay the fee.* Had there been such an objection in the trial court, the non-payment could have been easily cured.

Contrary to the panel, I would hold that the *Steeles' objection* to S.E.A. Leasing's non-payment of the filing fee on its motion for new trial *was waived* by their failure to object to the non-payment in the trial court. *See* Tex.R.App. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that: (1) the complaint was made to the trial court by a timely request, objection, or motion that: (A) stated the grounds for the ruling that the complaining party sought from the trial court....").

S.E.A. Leasing's absence from the State. Thus, these particular statute-of-limitations arguments of S.E.A. Leasing would not have been preserved in any event." *See* Tex.R.App. P. 33.1(a). I disagree with the panel's construction of S.E.A. Leasing's pleadings and with its holding that S.E.A. Leasing waived its limitations argument because "it did not complain that there was no basis to avoid limitations under misidentification or S.E.A. Leasing's absence from the state."

S.E.A. Leasing pleaded in its motion for new trial that there was no evidence to support the Steeles' fraudulent concealment response to its statute-of-limitations affirmative defense because "[a]ny alleged failure by [S.E.A. Leasing] to provide publicly available information [*i.e.,* information about transfer of ownership of the premises when the injury occurred to S.E.A. Leasing, an out-of-state company] is not a basis to toll on discovery rule grounds"; "[a]ny lapse in the corporate status of [S.E.A. Leasing] ... is not a basis upon which to toll the statute of limitations"; and "[the Steeles] put forth no evidence of fraud." On appeal, S.E.A. Leasing argued that the Steeles' misidentification of the proper party as defendant did not toll the limitations period when there was no evidence of fraudulent concealment and that S.E.A. Leasing's absence from the state as a foreign corporation did not defer accrual of the cause of action against it.

Unlike the panel, I can discern no material difference between the language used by S.E.A. Leasing to preserve its statute-of-limitations complaint in its motion for new trial and in its issues presented for appeal. Rather, the panel appears to have created a requirement that an appellant state its complaint in the trial court in the exact same words—and possibly with all the same arguments and authorities—that

it uses in its appeal. The panel's parsing of S.E.A. Leasing's pleadings in its motion for new trial in such a way as to preclude preservation of error again imposes a preservation burden on appellants beyond those warranted by any rule or case law. *See* Tex.R. Civ. P. 321 ("Each point relied upon in a motion for new trial ... shall briefly refer to that part of the ruling of the court ... designated to be complained of, in such a way that the objection can be clearly identified and understood by the court"); *see also Tate,* 934 S.W.2d at 84 (stating that right to appeal should not be "lost by creating a requirement not absolutely necessary from the literal words of the rule"); *Jamar,* 868 S.W.2d at 319 (same).

Notably, although the Steeles raised on appeal the issue of S.E.A. Leasing's failure to pay the filing fee on its motion for new trial as grounds for denying appellate review of the limitations issue, they did *not* make the argument that S.E.A. Leasing failed to preserve its limitations defense because its arguments on appeal differed from its arguments in its motion for new trial. Instead, the Steeles argued the merits of the statute-of-limitations issue at length in their brief and in their reply brief. The only reasonable inference is that the Steeles, unlike the panel, did not believe that the statute-of-limitations argument had been waived because S.E.A. Leasing's arguments on appeal differed from those below. The panel has drawn this conclusion *sua sponte.*

I would hold that S.E.A. Leasing preserved its statute-of-limitations challenge for appeal. I would, therefore, address the merits of S.E.A. Leasing's arguments that the statute of limitations barred the Steeles' suit, on which I express no opinion here.

## Failure to Preserve Objection to Legal Sufficiency of Expert Testimony to Support the Judgment

In its third and fourth issues, S.E.A. Leasing argues that the trial court erred by admitting the expert-witness testimony of Emil Shebelbon over its objection because the Steeles did not meet their burden of showing that Shebelbon's opinion regarding the unreasonable danger posed to Jeff Steele by S.E.A. Leasing's negligence was based on a sufficiently objective foundation and sufficiently reliable methodology to constitute legal evidence; Shebelbon's expert testimony was conclusory and non-probative; and thus there was legally insufficient evidence of an unreasonably dangerous condition to support the jury verdict that S.E.A. Leasing's negligence proximately caused Jeff Steele's injury and the trial court's judgment on that verdict holding S.E.A. Leasing liable to the Steeles for premises liability.[4]

Although S.E.A. Leasing did object to Shebelbon's qualifications and testimony, the panel finds the objections insufficient to preserve error, as set out in its opinion. In addition to those objections, however, S.E.A. Leasing also argued in its motion for new trial, "Shebelbon's expert testimony should have been excluded both on grounds that it lacks reliable basis and on grounds that it fails to assist the trier of fact.... Plaintiffs presented nothing more than evidence of their expert's experience as evidence of the validity of his conclusions."

The panel opines in overruling S.E.A. Leasing's third issue, that "[a]n objection to testimony, including the qualifications of experts and the reliability of their theories and methodology, must be raised at the trial-court level, and failure to do so waives any error on these grounds," but that "S.E.A. Leasing failed to preserve for appellate review any challenge relating to Shebelbon's expert qualifications or the reliability of his testimony." The panel then acknowledges, inconsistently, in its approach to issue four that "no trial objection is required '[w]hen the testimony is challenged as conclusory or speculative and therefore non-probative on its face.'" However, rather than address the legal sufficiency of Shebelbon's testimony to support the jury's finding of an unreasonably dangerous condition, the panel then states that "an attack on the sufficiency of the evidence in a jury trial must be preserved in the trial court." After observing that "S.E.A. Leasing argues that it preserved this challenge in its motion for new trial," the panel opines that, "as discussed above, S.E.A. Leasing's motion for new trial did not preserve any complaint on appeal because of S.E.A. Leasing's failure to timely pay the filing fee before the trial court lost its plenary power." Thus, it finds that S.E.A. Leasing's third and fourth issues, like all of its other issues, were not preserved, and it affirms the trial court's judgment on the verdict.

I would hold that S.E.A. Leasing preserved its objection to the reliability and conclusiveness of Shebelbon's testimony,

---

**4.** Jury charge question two asked, "Did the negligence, if any, of those named below proximately cause the injury in question? With respect to the condition of the premises, S.E.A. Leasing Inc. was negligent if—(a.) the condition posed an *unreasonable risk of harm,* and (b.) S.E.A. Leasing, Inc. knew or reasonably should *have known of the danger,* and (c.) S.E.A. Leasing, Inc. failed to exercise ordi-nary care to protect Jeff Steele from the danger, by both failing to adequately warn Jeff Steele of the condition and failing to make that condition reasonably safe." (Emphasis added.) The jury answered "yes" to S.E.A. Leasing's negligence as a cause of the injury and "no" to Jeff Steele's own negligence as a cause of the injury.

hence to the legal sufficiency of that evidence to support the judgment, through its motion for new trial and, even if it had not, it could still have raised the legal sufficiency of that allegedly conclusory and non-probative nature of that testimony to support the judgment as an issue on appeal.

As S.E.A. Leasing pointed out in its appellate brief, and again points out in its motion for reconsideration, "[t]he Texas Supreme Court has long held that unsubstantiated expert testimony may not be presented to a jury, even absent any objection." *See Merrell Dow Pharm. v. Havner,* 953 S.W.2d 706, 712 (Tex.1997) ("When the expert 'brings to court little more than his credentials and a subjective opinion,' this is not evidence that would support a judgment.... If for some reason such testimony were admitted in a trial without objection, would a reviewing court be obliged to accept it as some evidence? The answer is no."). S.E.A. Leasing acknowledges that the rule was modified by the supreme court in *Maritime Overseas Corp. v. Ellis,* which held that an appellant must have objected to an expert's methodology to preserve that issue for appeal. *See* 971 S.W.2d 402, 408–10 (Tex.1998); *see also Coastal Transp.,* 136 S.W.3d at 232–33. However, as S.E.A. Leasing also points out, in *Coastal Transport,* the supreme court opined that "[e]ven in *Maritime Overseas,* however, we recognized that an objection to the admissibility of the expert testimony may not be needed to preserve every no evidence challenge; instead, we drew a distinction between challenges to an expert's scientific methodology and 'no evidence challenges where, on the face of the record, the evidence lacked probative value.' " *Coastal Transp.,* 136 S.W.3d at 233.

The court explicitly stated in *Coastal Transport,* "We disagree that an objection is needed to preserve a no-evidence challenge to conclusory expert testimony." *Id.* at 232. It explained that "[o]pinion testimony that is conclusory or speculative is not relevant evidence, because it does not make the existence of a material fact 'more probable or less probable.' " *Id.* It continued, "Because we conclude that *Maritime Overseas* did not change the general rule that bare conclusions—even if unobjected to—cannot constitute probative evidence, we hold that Coastal did not waive its no-evidence challenge in this case." *Id.*

The court reiterated this conclusion in *City of Keller v. Wilson,* stating that "incompetent evidence is legally insufficient to support a judgment, even if admitted without objection." 168 S.W.3d 802, 812 (Tex.2005). It explained, "This exception frequently applies to expert testimony.... And if an expert's opinion is based on certain assumptions about the facts, we cannot disregard evidence showing those assumptions were unfounded." *Id.* at 812–13. Thus, under *City of Keller,* evidence showing that supporting evidence is incompetent cannot be disregarded when conducting a legal-sufficiency review. *See id.*

In my view, the panel opinion conflicts with *Coastal Transport* and with *City of Keller.* The panel should have addressed the merits of S.E.A. Leasing's third issue, challenging the foundations of Shebelbon's expert testimony, hence its competency as evidence. I also disagree with the panel's argument, with respect to S.E.A. Leasing's fourth issue regarding the preclusive effect for purposes of appeal of an appellant's failure to pay the fee on a motion for new trial, for the reasons set forth above. And, I disagree with its holding that S.E.A. Leasing failed to object in the trial court to the reliability and conclusory nature of Shebelbon's expert testimony and thus failed to preserve error as to the admissibility and legal sufficiency of that testimony to support the jury's finding that S.E.A.

Leasing's premises posed an unreasonable danger to Jeff Steele.

I would hold that S.E.A. Leasing preserved its third and fourth issues for appeal. Therefore, I would address the merits of those issues, as to which I express no opinion here.

**Conclusion**

I would grant en banc reconsideration to reassert this Court's agreement with supreme court precedent regarding the requirements for preservation for appeal of legal issues for appeal and its conformity with the mandate of Rule of Civil Procedure 1. Because I do not believe controlling law supports any of the panel's conclusions regarding S.E.A. Leasing's waiver of its arguments on appeal, I would address S.E.A. Leasing's appeal on its merits.

A majority of the justices of the Court voted to deny en banc reconsideration. *See* Tex.R.App. P. 41.2, 49.7.

Justice TAFT, joined by Justices ALCALA and HANKS, concurring in the denial of en banc reconsideration.

Justice KEYES, dissenting from the denial of en banc reconsideration.

TIM TAFT, Justice, concurring on denial of en banc reconsideration.

I concur in this Court's denial of S.E.A. Leasing Inc.'s motion for en banc reconsideration, but write separately to address the state of the appellate record at the time of submission of the case, which does not reflect that the trial court considered S.E.A. Leasing's motion for new trial.

The dissenting opinion contends in part that the panel's holding was erroneous because the trial court conducted an oral hearing on S.E.A. Leasing's motion for new trial and overruled it and the Steeles made no objection in the trial court to S.E.A. Leasing's failure to pay the filing fee for its motion, nor did they object to the trial court's consideration of S.E.A. Leasing's motion. However, the dissenting opinion could support this position only by relying on exhibits attached to S.E.A. Leasing's motion for rehearing, rather than on anything in the record before this Court.

After the opinion in this case had issued, S.E.A. Leasing argued for the first time in its motion for rehearing that the trial court actually had considered its motion for new trial because the trial court had conducted a hearing. S.E.A. Leasing attached two "exhibits" to its motion for rehearing, both allegedly evidencing that there had been a motion-for-new-trial hearing. "Exhibit A" attached to its motion for rehearing is entitled "Amended Notice of Hearing" and displays the file stamp of the Harris County District Clerk, dated January 19, 2005. "Exhibit B" is an affidavit of an attorney who attended the motion-for-new-trial hearing on February 3, 2005, claiming that the Steeles raised no objection to the court's hearing or to consideration of the motion for new trial. The affidavit is dated March 8, 2007, after the issuance of the Court's opinion.

The Steeles argued in their appellees' brief on original submission that S.E.A. Leasing did not preserve any error through its motion for new trial because it had failed to pay the filing fee. Although S.E.A. Leasing filed a reply brief and supplemented the clerk's record with other documents on appeal, it did not respond to the Steeles' argument that it had not paid the filing fee for its motion for new trial, nor did it move to supplement the record with any documents showing that there had been a motion-for-new-trial hearing. Thus, at the time of submission, the appellate record did not contain either of the exhibits now referenced in S.E.A. Leas-

ing's motion for en banc reconsideration or show that S.E.A. Leasing had requested them to be included in the clerk's record, nor has S.E.A. Leasing formally requested leave to supplement the record even as of the filing of its motion for en banc reconsideration.

The appellate record, both at the time that this case was submitted and now, does not reflect that the trial court conducted an oral hearing on S.E.A. Leasing's motion for new trial: S.E.A. Leasing's motion for new trial did not include notice of a hearing; there is no reporter's record of a motion-for-new-trial hearing; there is no docket entry of a motion-for-new-trial hearing; and there is no written request by S.E.A. Leasing that the trial court clerk include any items evidencing a motion-for-new-trial hearing or that a court reporter include any transcript of a motion-for-new-trial hearing pursuant to rules 34.5 and 34.6 of the Texas Rules of Appellate Procedure. *See* TEX.R.APP. P. 34.5(b), (c), 34.6(b)-(d). In fact, the appellate record at the time that this case was submitted, as well as now, reflects that the trial court did not consider S.E.A. Leasing's motion for new trial or the Steeles' response because S.E.A. Leasing had not paid the filing fee. The clerk's record includes S.E.A. Leasing's motion for new trial, filed on December 22, 2004, and on the cover letter accompanying that motion, there was a handwritten note, apparently from the clerk of the trial court, stating, "MNT + Response Are Not Entered on INT 41—MNT Has Not Been Paid For." Additionally, the trial court did not expressly deny S.E.A. Leasing's motion for new trial, but, rather, that motion was overruled by operation of law.

The dissenting opinion improperly relies on the exhibits that S.E.A. Leasing attached to its motion for rehearing as material facts evidencing that "the trial court conducted an oral hearing on S.E.A. Leasing's motion for new trial and overruled it." The Court cannot consider documents that are not included in the appellate record. *See Burke v. Ins. Auto. Auctions Corp.*, 169 S.W.3d 771, 775 (Tex.App.-Dallas 2005, pet. denied); *Green v. Kaposta*, 152 S.W.3d 839, 841 (Tex.App.-Dallas 2005, no pet.). Texas Rule of Appellate Procedure 34.5 provides that unless the parties designate the filings in the appellate record by agreement, the record must include copies of the following:

(1) in civil cases, all pleadings on which the trial was held;

(2) in criminal cases, the indictment or information, any special plea or defense motion that was presented to the court and overruled, any written waiver, any written stipulation, and, in cases in which a plea of guilty or nolo contendere has been entered, any documents executed for the plea;

(3) the court's docket sheet;

(4) the court's charge and the jury's verdict, or the court's findings of fact and conclusions of law;

(5) the court's judgment or other order that is being appealed;

(6) any request for findings of fact and conclusions of law, any post-judgment motion, and the court's order on the motion;

(7) the notice of appeal;

(8) any formal bill of exception;

(9) any request for a reporter's record, including any statement of points or issues under Rule 34.6(c);

(10) any request for preparation of the clerk's record;

(11) in civil cases, a certified bill of costs including the cost of preparing the clerk's record, showing credits for payments made;

(12) in criminal cases the trial court's certification of the defendant's right of appeal under Rule 25.2; and

(13) subject to (b), any filing that a party designates to have included in the record.

*See* Tex.R.App. P. 34.5. The clerk is not required to include a notice of hearing in the clerk's record. *See id.* However, if a relevant item has been omitted from the clerk's record, the trial court, the appellate court, or any party may direct the trial court clerk to prepare, to certify, and to file in the appellate court a supplement containing the omitted item. *See* Tex. R.App. P. 34.5(c)(1). Then, the supplemental clerk's record becomes part of the appellate record. *See* Tex.R.App. P. 34.5(c)(3).

S.E.A. Leasing failed to ensure that the proposed exhibits evidencing a hearing on its motion for new trial were timely made a part of the record on appeal. *See generally* Tex.R.App. P. 34.5 (governing supplementation of record). S.E.A. Leasing should have done so when it specifically complained about the trial court's ruling on its motion for new trial in its brief on November 7, 2005. S.E.A. Leasing also could have done so when the Steeles pointed out in their appellees' brief, filed on January 6, 2006, that S.E.A. Leasing's motion for new trial did not preserve error because S.E.A. Leasing had failed to pay the required statutory fee. We might have even considered the proposed exhibits evidencing a hearing had the appellate record been supplemented with them by the time of submission on January 31, 2001. *See Worthy v. Collagen Corp.,* 967 S.W.2d 360, 366 (Tex.1998) (stating that, after submission, appellate court has more discretion to deny supplementation of record). However, S.E.A. Leasing has not even at this point requested leave to supplement the record. *See id.* (holding that

appellate court did not abuse its discretion in denying supplementation of record after its opinion had issued).

Moreover, the record could not have been supplemented with S.E.A. Leasing's "Exhibit B" because the affidavit from S.E.A. Leasing's attorney concerning the purported motion-for-new-trial hearing was not filed with the trial court, was created on appeal, and was not part of any clerk's record. Therefore, the record could have been supplemented only with "Exhibit A," the amended notice of hearing, which is not conclusive proof that the trial court held a hearing or that it considered S.E.A. Leasing's motion for new trial.

Additionally, to allow such free supplementation of the record at this stage would cause undue delay and segmentation of the appellate process. *See Tex. First Nat. Bank v. Ng,* 167 S.W.3d 842, 866 (Tex. App.-Houston [14th Dist.] 2005, pet. granted, judgm't vacated w.r.m.) (refusing to consider supplemental record filed more than month after court's opinion and judgment had issued). Although appellate courts strive to decide cases on the merits rather than on procedural technicalities, declining to supplement the record after a case is decided (especially when the parties had ample opportunity to correct the omission prior to decision) does not violate this general policy. Further, reconsidering the prior decision after the Court's opinion has issued does not serve judicial economy. *See Worthy,* 967 S.W.2d at 366 (holding that appellate courts have substantial discretion not to consider supplements to appellate record that are filed after issuance of opinion and rendition of judgment).

### Conclusion

Accordingly, given the appellate record as it has existed since the case was submitted, the panel's holding that S.E.A. Leasing did not preserve its statute-of-limita-

tions challenge was not erroneous. For this reason, among others, the Court has also properly denied en banc reconsideration.