FILED
September 14, 2015
Third Court of Appeals
Jeffrey D. Kyle
Clerk

ACCEPTED
03-14-00485-CV
6906619
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/14/2015 11:44:36 AM
JEFFREY D. KYLE
CLERK

**03-14-00485-CV**

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
9/14/2015 11:44:36 AM
JEFFREY D. KYLE
Clerk

**JOHN REED, JR.,**

**Appellant**

**v.**

**FARMERS INSURANCE GROUP,**

**Appellee**

On Appeal from Cause No. 259,941-C
In the 169th Judicial District Court of Bell County, Texas

## APPELLEE FARMERS INSURANCE GROUP'S RESPONSE TO APPELLANT'S MOTION TO EXTEND TIME TO FILE MOTION FOR EN BANC RECONSIDERATION

Kevin G. Cain
State Bar No. 24012371
*cain@mdjwlaw.com*

Levon G. Hovnatanian
State Bar No. 10059825
*hovnatanian@mdjwlaw.com*

Christopher W. Martin
State Bar No. 13057620
*martin@mdjwlaw.com*

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis, 20th Floor
Houston, Texas 77002
(713) 632-1700—Telephone
(713) 222-0101—Facsimile

Michael Watson
State Bar No. 24008246
*watson@mdjwlaw.com*
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
16000 N. Dallas Parkway, Suite 800
Dallas, Texas 75248
(214) 420-5500—Telephone
(214) 420-5501—Facsimile

**TO THE HONORABLE COURT OF APPEALS:**

Comes now the appellee, Farmers Insurance Group, and responds to Mr. Reed's Motion to Extend Time to File Motion for En Banc Reconsideration. As discussed below, the Court should deny the motion.

## I.    THE MOTION IS UNTIMELY.

Mr. Reed states that "the deadline to file this particular motion was Sept. 5, 2015 but since that day was on a Saturday and Monday was a holiday, appellant is entering his motion into the U S Mail on Tuesday Sept. 8, 2015." Motion at 1. The Court received the motion on September 10, 2015.

But the deadline to file a motion to extend time to file a motion for en banc reconsideration was not September 5. The Court issued its judgment on Wednesday, August 5, 2015. Thus, the deadline to file a motion for en banc reconsideration was Thursday, August 20, 2015. *See* TEX. R. APP. P. 49.7 ("A party may file a motion for en banc reconsideration as a separate motion, with or without filing a motion for rehearing. The motion must be filed within 15 days after the court of appeals' judgment or order, or when permitted, within 15 days after the court of appeals' denial of the party's last timely filed motion for rehearing or en banc reconsideration. . . ."). Correspondingly, the deadline to file a motion for extension of time to file a motion for en banc reconsideration was Friday, September 4, 2015. *See* TEX. R. APP. P. 49.8 ("A court of appeals may

1

extend the time for filing a motion for rehearing or en banc reconsideration if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last date for filing the motion.").

Mr. Reed's motion to extend time was not timely. For this reason alone, the Court should deny the motion.

## II. EVEN IF THE MOTION HAD BEEN TIMELY, EN BANC RECONSIDERATION COULD NOT BE WARRANTED.

Even if the motion to extend time had been timely, the Court should deny it because the granting of it could not lead to the grant of reconsideration en banc. The Court dismissed Mr. Reed's appeal for want of prosecution—he "provided no explanation of his ongoing failure to file a brief, let alone filed one." Opinion at 2. That ruling could not be a proper basis for reconsideration en banc.

"En banc consideration is generally disfavored[.]" *Wal-Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 708 n.1 (Tex. 2003); *accord* TEX. R. APP. P. 41.2(c). En banc review "should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration." TEX. R. APP. P. 41.2(c).

Here, en banc review is not needed to "secure or maintain uniformity of the court's decisions." There is nothing in the Court's routine opinion dismissing the appeal for want of prosecution that conflicts with one of its previous opinions.

2

Nor could this case meet the standard of "extraordinary circumstances." *Cf. Kansas City S. Ry. Co. v. Oney*, 380 S.W.3d 795, 814 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (Frost, J., concurring in denial of en banc review) (even where "the presented issues are important to the jurisprudence," the "prerequisites for en banc consideration [were] not . . . satisfied" and "the high threshold for en banc consideration [was] not . . . met"); *Temple v. State*, 342 S.W.3d 572, 630 (Tex. App.—Houston [14th Dist.] 2010) (McCally, J., dissenting from denial of en banc review) (en banc review denied even where issue was "[a]ppellant's entitlement to a full and constitutionally protected review of the evidence in this murder case"), *aff'd*, 390 S.W.3d 341 (Tex. Crim. App. 2013); *S.E.A. Leasing, Inc. v. Steele*, 264 S.W.3d 71, 72 (Tex. App.—Houston [1st Dist.] 2007) (Keyes, J., dissenting from denial of en banc review) (en banc review denied even where "[t]he panel opinion . . . add[ed] new and unprecedented hurdles to appellants' preservation of legal sufficiency points of error"); *Thompson v. State*, 89 S.W.3d 843, 856 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (Jennings, J., concurring in denial of en banc review) (panel's holding regarding the State's "uniquely egregious argument" did not constitute an "extraordinary circumstance"). Extraordinary circumstances simply do not exist here.

The granting of Mr. Reed's motion could not lead to the grant of reconsideration en banc. For this reason alone, even if the motion had been timely, the Court should deny it.

## III. CONCLUSION

The original deadline for Mr. Reed to file his brief was Monday, December 1, 2014. *See* TEX. R. APP. P. 38.6(a) (setting deadline for appellant's brief in non-accelerated appeal as 30 days from date complete record was filed); TEX. R. APP. P. 4.1(a) (method of computing time). After four extensions and a warning from the Court that his brief was overdue and that the appeal could be dismissed for want of prosecution if he did not respond with a reasonable explanation, the Court dismissed the appeal over eight months after the original brief deadline. After all the latitude the Court has graciously provided him, Mr. Reed is not due any more time for anything, let alone on the basis of an untimely motion.

For these reasons, Farmers Insurance Group asks the Court to deny the motion.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.


By: */s/ Levon G. Hovnatanian*

    Levon G. Hovnatanian
    State Bar No. 10059825
    *hovnatanian@mdjwlaw.com*
    Kevin G. Cain
    State Bar No. 24012371
    *cain@mdjwlaw.com*
    Christopher W. Martin
    State Bar No. 13057620
    *martin@mdjwlaw.com*
808 Travis, 20th Floor
Houston, Texas  77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.


By: */s/ Michael Watson*

    Michael Watson
    State Bar No. 24008246
    *watson@mdjwlaw.com*
16000 N. Dallas Parkway, Suite 800
Dallas, TX 75248
(214) 420-5500 – Telephone
(214) 420-5501 – Facsimile

ATTORNEYS FOR APPELLEE
FARMERS INSURANCE GROUP

## CERTIFICATE OF COMPLIANCE

This is to certify that this computer-generated Response to Motion to Extend Time to File Motion for En Banc Reconsideration contains 882 words.

/s/ Levon G. Hovnatanian
Levon G. Hovnatanian
Dated: September 14, 2015

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Response to Motion to Extend Time to File Motion for En Banc Reconsideration has been forwarded by the method indicated below to the following person on this 14th day of September, 2015.

Mr. John Reed, Jr., *pro se*
715 S. 32nd Street
Temple, Texas 76504
*(Appellant)*
*(via CM-RRR)*

/s/ Levon G. Hovnatanian
Levon G. Hovnatanian

6