TREND OFFSET PRINTING
SERVICES, INC.,
Petitioner,

v.

COLLIN COUNTY COMMUNITY
COLLEGE DISTRICT,
Respondent.

No. 06–0525.

Supreme Court of Texas.

March 28, 2008.

Rodney R. Elkins and Dale Lamar Rose, Rodney R. Elkins & Co., Dallas, TX, for Petitioner.

Richard M. Abernathy and Larry R. Boyd, Abernathy Roeder Boyd & Joplin, P.C., McKinney, TX, for Respondent.

PER CURIAM.

Petitioner Trend Offset Printing Services, Inc. contracted in writing with respondent Collin County Community College District to print course schedules for the District for a year, with an option to

renew for two more years. When the District refused to pay Trend for the first 201,000 schedules it delivered, Trend sued in Dallas County for the amount due, lost profits for anticipatory breach, interest, costs, and attorney fees. On the District's motion, venue was transferred to Collin County, where the trial court sustained the District's plea to the jurisdiction based on immunity from suit and dismissed the case. The court of appeals affirmed. 2006 WL 1102635 (Tex.App.-Dallas 2006).

■ We agree with the court of appeals that the "sue and be sued" clause in section 11.151(a) of the Education Code, made applicable here by sections 130.084(a) and 130.175 of the Code, does not waive the District's immunity from suit. *See Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.*, 197 S.W.3d 390, 391 (Tex.2006) (per curiam); *see also Tooke v. City of Mexia*, 197 S.W.3d 325, 342 (Tex. 2006). However, while this case was on appeal, the legislature enacted sections 271.151–.160 of the Texas Local Government Code, which partially waive immunity from suit against certain local government agencies in some contract cases. Trend should have the opportunity to argue in the trial court that the District's immunity is waived by these provisions.

■ Trend argues that the venue transfer was improper. The District's motion to transfer cited sections 15.001 ("Definitions"), 15.002 ("Venue: General Rule"), and 15.035 ("Contract in Writing") of the Texas Civil Practice & Remedies Code. Section 15.002(b) allows a transfer "[f]or the convenience of the parties and witnesses," and the motion referenced the "balance of interests" and "not work an injustice" considerations in subsections (b)(2) and (3). The trial court granted the motion without stating reasons, and the court of appeals upheld the ruling based on section 15.002(b). Section 15.002(c)

provides that a "court's ruling or decision to grant or deny a transfer under Subsection (b) is not grounds for appeal or mandamus and is not reversible error." Trend argues that neither the District's motion nor anything in the record supports transfer under section 15.002(b). However, because the motion sufficiently invoked subsection (b) in requesting a transfer, it was statutorily beyond review. *Garza v. Garcia*, 137 S.W.3d 36, 39 (Tex.2004) ( [S]ection 15.002(c) "precludes review not just of the evidence, but of the order [under section 15.002(b) ] itself. As a result, it is irrelevant whether a transfer for convenience is supported by any record evidence." (emphasis omitted)); Tex. Civ. Prac. & Rem.Code § 15.002.

Accordingly, we grant Trend's petition for review and without hearing oral argument, Tex.R.App. P. 59.1, reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.