Affirmed and Memorandum Opinion filed July 7, 2009








Affirmed and Memorandum Opinion filed July 7, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00211-CV

____________

 

JOE M. GARZA, PAY PHONE OWNERS
LEGAL FUND, AND 

ERNEST R. BUSTOS, Appellants

 

V.

 

JACK P. REED AND HOUSTON SURPLUS
LINES, INC.,
Appellees

 



 

On Appeal from the 434th
District Court

Fort Bend County, Texas

Trial Court Cause No. 07-CV-155905A

 



 

M E M O R A N D U M   O P I N I O N

Appellants Joe M. Garza, Pay Phone Owners Legal Fund, and
Ernest R. Bustos appeal a venue transfer order and the trial court=s grant of summary
judgment on all of their claims against appellees Jack P. Reed and Houston
Surplus Lines, Inc.  We affirm.








Appellants are apparently victims of a Ponzi scheme
involving the purchase of pay phones.  They purchased pay phones from American
Telecommunications Company, Inc. (AATC@) in 2000 and 2001
as an investment.  Appellants claim that ATC promised it would buy back the pay
phones at full cost if appellants were not satisfied with their purchase.  ATC
also allegedly promised that it had secured insurance for the buy-back program
through four separate insurance companies.  When appellants requested that ATC
buy back their pay phones, ATC refused.  Some appellants made claims on the
insurance policies, and those claims were denied because the policies were
general commercial policies that did not cover such a claim.

Appellee Reed is president of appellee Houston Surplus
Lines, a managing general agent for one of the insurance companies.  Reed and Houston
Surplus Lines dealt only with retail insurance agents, and at the request of
those agents, Reed and Houston Surplus Lines issued a certificate of insurance
for a general commercial liability policy.  Reed and Houston Surplus Lines had
no direct contact with appellants at all.

Appellants sued Reed and Houston Surplus Lines, as well as
several other insurance companies and agents, in Hidalgo county alleging
violations of the Deceptive Trade PracticesBConsumer
Protection Act (ADTPA@) and the Texas
Insurance Code.  As to Reed and Houston Surplus Lines, appellants claimed that
the insurance certificate constituted a misrepresentation that the insurance
policy covered ATC=s buy-back program.

Reed and Houston Surplus Lines filed a motion to transfer
venue, which the trial court granted.  The case was transferred to Fort Bend
County.  Reed and Houston Surplus Lines then moved for summary judgment, and
the trial court granted their motion.  This appeal followed.








In their first issue, appellants argue the Hidalgo county
trial court erred in granting the motion to transfer venue.  Our record does
not contain the motion to transfer venue or the response, but we take as true
statements of fact in briefs unless the opposing party contradicts them.  See
Tex. R. App. P. 38.1(g).  The
parties agree that appellees requested a venue transfer, among other grounds,
on the basis of convenience.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 15.002(b) (Vernon
2002) (authorizing a court to transfer venue A[f]or the
convenience of the parties and witnesses and in the interest of justice@).  A trial court=s decision to
grant or deny a transfer based on convenience Ais not grounds for
appeal@ and Ais not reversible
error.@  Id. ' 15.002(c).  The
trial court=s order did not specify the basis for granting the
venue transfer.  Thus, the trial court could have granted the motion based on
convenience, and the statute precludes reversal of any ruling made on
convenience grounds.  The Texas Supreme Court confronted the exact situation of
a trial court not specifying the basis for its venue transfer when one of the
grounds moved upon was convenience, and the court held that an appellate court
must affirm any such order.  See Garza v. Garcia, 137 S.W.3d 36, 37, 40B41 (Tex. 2004); accord
Trend Offset Printing Servs., Inc. v. Collin County Cmty. Coll. Dist., 249
S.W.3d 429, 429 (Tex. 2008).  Accordingly, we overrule appellants= first issue.








In their second issue, appellants argue the trial court
erred in granting summary judgment on their claims against Reed and Houston
Surplus Lines.  Reed and Houston Surplus Lines moved for both traditional and no
evidence summary judgment.  See Tex. R. Civ. P. 166a(c), 166a(i).  To prevail on a traditional motion for summary
judgment, the movant must show that there is no genuine issue of material fact
and that he is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Sw. Elec.
Power Co. v. Grant, 73 S.W.3d 211, 215 (Tex. 2002).  A defendant moving for
summary judgment must conclusively negate at least one essential element of
each of the plaintiff=s causes of action or conclusively establish each element of
an affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d
910, 911 (Tex. 1997); Shirvanian v. DeFrates, 161 S.W.3d 102, 106 (Tex.
App.CHouston [14th Dist.] 2004, pet.
denied).  When we review a summary judgment, we take as true all evidence
favorable to the non‑movant; we also indulge every reasonable inference
and resolve any doubts in favor of the non‑movant.  Grant, 73
S.W.3d at 215.  As to a no evidence summary judgment motion, the movant must
state the specific elements of a cause of action for which there is no
evidence.  Cuyler v. Minns, 60 S.W.3d 209, 212 (Tex. App.CHouston [14th Dist.] 2001, pet.
denied).  If the movant has identified specific elements he claims lack
evidence, we must then determine de novo whether the non‑movant has
produced more than a scintilla of probative evidence to raise a genuine issue
of material fact.  Allen v. Connolly, 158 S.W.3d 61, 64 (Tex. App.CHouston [14th Dist.] 2005, no pet.).

Appellants do not specify which sections of the DTPA and
Insurance Code they contend support their claims, but the essence of their
claims is that Reed and Houston Surplus Lines falsely represented that the
insurance policy at issue covered ATC=s buy-back plan,
and they relied on this alleged representation in purchasing the pay phones. 
Appellees moved for summary judgment arguing, in part, that appellants have no
evidence of any misrepresentation.  We agree.  Appellants allege that the
insurance documents constitute a misrepresentation that the policy covered the
buy-back plan, but there is nothing on the face of the documents so
indicating.  There is no evidence in the record that Reed or Houston Surplus
Lines had any contact with any of the appellants, and no evidence shows that
Reed and Houston Surplus Lines even knew about either the buy-back program or
ATC=s alleged intent
to use the promise of insurance coverage to entice people into buying its pay
phones.  As such, appellants have not produced a scintilla of evidence to raise
a genuine issue of material fact as to whether Reed or Houston Surplus Lines
misrepresented the terms of the insurance policy.  Thus, the trial court did
not err in granting summary judgment, and we overrule appellants= second issue.

Having overruled appellants= two issues, we
affirm the trial court=s judgment.

 

 

/s/      J. Harvey Hudson

Senior Justice

 

Panel consists of Chief Justice Hedges, Justice Frost, and
Senior Justice Hudson.*

 

 









*  Senior Justice Harvey Hudson sitting by assignment.