Appellant’s Motion for Rehearing Overruled,
Affirmed and Opinion of March 30, 2010,
Withdrawn and Vacated and Substituted with Memorandum Opinion filed May 20,
2010.

In
The

Fourteenth
Court of Appeals



NO. 14-08-00653-CV



Joe M. Garza,
Pay Phone Owners Legal Fund, LLC, and Ernest Bustos, Appellants 

v.

Terra Nova
Insurance Company, Ltd., Guaranty National Insurance Company, The Burlington
Insurance Company, and United national Insurance Company, Appellees 



On Appeal from
the 434th District Court

Fort Bend County, Texas

Trial Court
Cause No. 07-DCV-155905-B



 

SUBSTITUTE MEMORANDUM OPINION

We originally issued
our opinion affirming the trial court’s judgment on March 30, 2010.  Joe M.
Garza mailed a motion for rehearing on April 29, 2010, which was filed on May
3, 2010.  We overrule the motion for rehearing, vacate our March 30, 2010 judgment,
withdraw our previous opinion and judgment, and issue this substitute
memorandum opinion in its place.  Our disposition of the appeal is unchanged.  

Appellants Joe M.
Garza, Pay Phone Owners Legal Fund, LLC, and Ernest Bustos appeal the trial
court’s order to transfer venue from Hidalgo County to Fort Bend County. 
Appellants also appeal the trial court’s grant of summary judgment in favor of
appellees Terra Nova Insurance Company, Ltd., Guaranty National Insurance
Company, The Burlington Insurance Company, and United National Insurance
Company (“the insurers”).  We affirm.

I

            Appellants Joe M. Garza, Pay Phone Owners Legal Fund, LLC,
and Ernest Bustos purchased pay telephones from American Telecommunications
Company, Inc. (“ATC”) in 2000 and 2001.  When the appellants were purchasing
the telephones, ATC allegedly represented to them that it would buy back the
telephones at the original price after 36 months or at a reduced price before
36 months if the appellants were not satisfied with the telephones.  ATC also
allegedly represented to the appellants that it had insured the value of the
telephones if it was unable to repurchase them.  Additionally, ATC allegedly
marketed that Northern & Western Insurance Company would provide primary
insurance for its “buy-back program,” and additional insurance companies would
provide excess insurance for the program.[1]  But when the
appellants submitted requests for ATC to buy back the telephones, ATC did not
honor the requests.  Some appellants tried to collect on the insurance
policies, but those claims were denied because the policies were standard
commercial general liability policies that did not cover the appellants’
claims.  

The additional
insurance companies included appellees Terra Nova Insurance Company, Ltd., Guaranty
National Insurance Company, The Burlington Insurance Company, and United
National Insurance Company.  The insurers assert that the appellants were
victims of ATC’s Ponzi scheme.  Furthermore, the insurers contend that they
provided standard commercial general liability coverage to ATC, not to the
appellants, and the coverage was not designated for the “buy-back program.” 
The coverage was simply applicable to unexpected or unintended “bodily injury”
and “property damage” that ATC might become legally obligated to pay.        

            The insurers filed a motion to transfer venue from Hidalgo
County to either Harris County or Fort Bend County.  The Hidalgo County trial
court granted the motion and transferred the case to Fort Bend County.  The
insurers then moved for summary judgment, and the trial court granted their
motion.  Finally, the insurers moved to sever the matter, and the trial court
also granted the severance.  This appeal followed.  

II

The
appellants
contend the Hidalgo County trial court erred in granting the motion to transfer
venue to Fort Bend County.  The insurers respond that the appellants failed to
bring forward a complete and adequate record with regard to the transfer of
venue.  After reviewing the record, we note that the insurers’ motion to
transfer venue as well as a response from the appellants was not included, but
we take as true statements of facts in briefs unless the opposing party
contradicts them.  See Garza v. Reed, No. 14-08-00211-CV, 2009 WL
4270888, at *1 (Tex. App.—Houston [14th Dist.] July 7, 2009, no pet.) (mem.
op.).  In their briefs, the parties seem to agree that one reason the insurers
requested a venue transfer was on the basis of convenience.  See Tex.
Civ. Prac. & Rem. Code Ann. § 15.002(b) (Vernon 2002) (authorizing a court
to transfer venue “[f]or the convenience of the parties and witnesses and in
the interest of justice”).  A trial court’s decision to grant or deny a
transfer based on convenience “is not grounds for appeal” and “is not reversible
error.”  Id. § 15.002(c).  

In
Garza v. Garcia, the Texas Supreme Court reviewed a trial court’s order
granting a motion to transfer venue.  137 S.W.3d 36, 37, 38–39 (Tex. 2004). 
The trial court did not specify in the order the reason or reasons why it
granted the motion; it simply stated “‘after considering the motion, the
pleadings, the affidavits, the responses . . . arguments . . . and hearing, the
Court grants Defendants’ Motion to Transfer Venue.’”  Id. at 38.  The
supreme court held that an appellate court must affirm any such order because
of the presumption that a venue order is granted on convenience grounds.  Id.
at 40; accord Trend Offset Printing Servs., Inc. v. Collin County Cmty.
Coll. Dist., 249 S.W.3d 429, 430 (Tex. 2008).  Here, the trial court did
not specify in the order its reason for granting the venue transfer.    The
trial court could have granted the motion based on convenience, and section
15.002(c) of the Texas Civil Practices and Remedies Code expressly precludes
this court from reversal if the decision was based on convenience.  See
Garza, 137 S.W.3d at 40.  Accordingly, we overrule the appellants’ first
issue.

III

In
their second contention, the appellants argue the trial court erred in granting
the insurers’ motion for summary judgment.  In their brief, the appellants
assert the insurers’ misrepresentations are actionable under the Texas
Insurance Code and Texas Deceptive Trade Practices Act (“DTPA”), and the
appellants relied on these misrepresentations when purchasing ATC’s
telephones.  The insurers contend the appellants have failed to show evidence
of any misrepresentation to defeat the summary judgment because the appellants
did not file a response to the motion for summary judgment.  We agree with the
insurers.

A

We
review the trial court’s summary judgment de novo.  Valence Operating Co. v.
Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident Life & Accident
Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  Here, the insurers
moved for summary judgment on both traditional and no-evidence grounds.  See
Tex. R. Civ. P. 166a(c), 166a(i).  If the trial court does not specify which it
granted, as in this case, we may uphold the summary judgment on either ground. 
See Taylor v. Carley, 158 S.W.3d 1, 8 (Tex. App.—Houston [14th Dist.]
2004, pet. denied); Samson v. Manley, No. 14-07-01085-CV, 2009 WL
3790410, *3 (Tex. App.—Houston [14th Dist.] Oct. 6, 2009, pet. denied) (mem.
op.).  The party moving for a traditional summary judgment has the burden to
show that no material fact exists and that it is entitled to summary judgment
as a matter of law.  Tex. R. Civ. P. 166a(c); M.D. Anderson Hosp. &
Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam).  

We
will assume that all evidence favorable to the non-movant is true and indulge
every reasonable inference in favor of the non-movant.  KPMG Peat Marwick v.
Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  “In a
no-evidence summary judgment, the movant must specifically state the elements as
to which there is no evidence.”  Rivers v. Charlie Thomas Ford, LTD.,
289 S.W.3d 353, 357–58 (Tex. App.—Houston [14th Dist.] 2009, no pet.); Walker
v. Thomasson Lumber Co., 203 S.W.3d 470, 473–74 (Tex. App.—Houston [14th
Dist.] 2006, no pet.).  The trial court must grant the motion unless the
non-movant can point out evidence that raises a fact issue on the challenged
elements.  See Tex. R. Civ. P. 166a(i); Hamilton v. Wilson, 249
S.W.3d 425, 426 (Tex. 2008).  We must determine de novo whether the non-movant
produced more than a scintilla of probative evidence to raise an issue of
genuine material fact.  See Allen v. Connolly, 158 S.W.3d 61, 64
(Tex. App.—Houston [14th Dist.] 2005, no pet.).  

B

In
their original petition, the appellants cited to Section 17.46(b) of the Texas
Business and Commerce Code to allege which provision of the DTPA the insurers
had violated and referred generally to former Article 21.21 of the Texas
Insurance Code.  The appellants generally claimed the insurers made untrue and
deceptive statements representing the terms of the insurance policies.  In the
insurers’ motion for summary judgment, they argued the appellants have not
produced and could not produce any evidence that the insurers “made
representations and/or statements concerning excess insurance covering the ATC
buy-back program” or “failed to disclose any information” to appellants.  The
insurers highlighted portions of the DTPA, contending the appellants had not
proved and could not prove the insurers made false representations or failed to
disclose information about the insurance policies.  Additionally, the insurers
identified provisions of the Texas Insurance Code that the appellants relied on
in their petition, and then demonstrated that the appellants had produced and
could not produce evidence to support their claims concerning these
provisions.    

Because
the insurers filed a no-evidence motion for summary judgment that complied with
the requirements of Rule 166a(i) and the appellants did not respond to it,  we
conclude there is no evidence raising a genuine issue of material fact about
any of the claims challenged in the motion.   Because a “court must grant the
motion unless the respondent produces summary[-]judgment evidence raising a
genuine issue of material fact” concerning the elements raised in the motion,
we hold the trial court did not err in granting the insurers’ motion for
summary judgment.  See Tex. R. Civ. P. 166a(i).  Therefore we overrule
the appellants’ second issue.        

C

            In
their motion for rehearing, the appellants complain that we focused too much in
our initial opinion on their failure to respond to the insurers’
summary-judgment motion.  They maintain that the insurers did not contend in
their motion that there was no evidence to support the appellants’ allegations
in their pleadings that agents of the insurers had made actionable
misrepresentations.[2]

            We
reject that argument.  The appellants sued the insurers for making
misrepresentations that amounted to violations of the DTPA and the Texas
Insurance Code.  The insurers filed a no-evidence motion for summary judgment
challenging the appellants to produce evidence of any such misrepresentation. 
If the appellants believed that authorized agents of the insurers made
actionable misrepresentations, it was incumbent upon the appellants to provide
summary-judgment evidence of the same.  Instead, the appellants filed no
response at all to the insurers’ motion.  Accordingly, the trial court
correctly granted the motion for summary judgment.    

*
* *

For the foregoing
reasons, we affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Jeffrey
V. Brown

                                                                                    Justice

 

 

 

Panel consists of Justices Yates,
Seymore, and Brown.

 









[1] Northern
& Western Insurance Company is not a party in this proceeding.  





[2] In the
motion for rehearing, the appellants repeatedly refer to their petition to
demonstrate or prove the insurers’ alleged agent made misrepresentations to
them.  But a party’s petition or pleadings are not competent summary-judgment
evidence.  Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer, 904
S.W.2d 656, 660 (Tex. 1995).