**DENY; and Opinion Filed April 19, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00382-CV

### IN RE PETER BEASLEY, Relator

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-05741-2017**

## MEMORANDUM OPINION
Before Justices Bridges, Brown, and Boatright
Opinion by Justice Brown

In this original proceeding, relator complains of the trial court's order granting the real

parties in interest's motion to transfer venue to Dallas County. To be entitled to mandamus relief,

a relator must show both that the trial court has clearly abused its discretion and that relator has no

adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

proceeding). Based on the record before us, we conclude relator is not entitled to the relief

requested.

First, the order complained of is not subject to appellate or mandamus review. The real

parties in interest moved to transfer venue pursuant to section 15.002(b) of the civil practice and

remedies code, and the trial court granted the motion to transfer without stating a reason. Section

15.002(c) of the civil practice and remedies code prohibits appellate or mandamus review of the

granting of a motion to transfer venue brought under section 15.002(b). TEX. CIV. PRAC. & REM.

CODE ANN. § 15.002(c) (West 2017). Where, as here, the motion to transfer sufficiently invoked

subsection (b) in requesting a transfer and the trial court did not give a reason for granting the transfer request, the order granting the transfer is statutorily beyond our review. *E.g. In re Coastal Alamo Invs., LLC*, No. 04-16-00455-CV, 2016 WL 4444384, at *1 (Tex. App.—San Antonio Aug. 24, 2016, orig. proceeding) (denying mandamus relief where venue transferred pursuant to 15.002(b)); *see also Trend Offset Printing Servs., Inc. v. Collin County Cmty. College Dist.*, 249 S.W.3d 429, 430 (Tex. 2008) (per curiam); *Jones v. Pioneer/Eclipse Corp.*, No. 05-08-00446-CV, 2009 WL 1395932, at *1 (Tex. App.—Dallas May 20, 2009, pet. denied) (mem. op.).

Further, to the extent the order granting the transfer was not based on section 15.002(b), relator has an adequate remedy on appeal because such rulings are generally subject to appellate review and none of the limited exceptions to that general rule apply here. *See Bridgestone/Firestone, Inc. v. Thirteenth Court of Appeals*, 929 S.W.2d 440, 441 (Tex. 1996) (an appellate remedy is generally adequate to correct improper venue determinations); *Polaris Inv. Management Corp. v. Abascal*, 892 S.W.2d 860, 862 (Tex. 1995) ("Texas law is quite clear that venue determinations are not reviewable by mandamus.").

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).


/Ada Brown/
ADA BROWN
JUSTICE

180382F.P05

–2–